## PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* YOSHIMOTO SAKUHACHI.

### EXCEPTIONS.

HEARING, JANUARY 8, 1894.          DECISION, JANUARY 10, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The clause of Section 1, Chapter 36, of the Laws of 1884 making the possession of spirituous liquors distilled in these islands *prima facie* evidence of the distillation thereof is not repealed specifically nor by implication by Chapter 108 of the Laws of 1892-3.

The "distilled liquor" was found in the defendant's house. He said to the officer arresting him that "he did not make it but his wife did;"

Held, that as the jury did not believe it the Court cannot say as a matter of law that it rebutted the presumption of guilt.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant was convicted at the last term of the Circuit Court, Second Circuit, of the offense of distilling spirituous liquor without a license.    He excepts to the verdict convicting him on the ground that it was contrary to law and evidence.    The facts in brief are that a quantity of recently distilled spirits with some fermented rice and a "box," which was apparently the distilling apparatus or a part of it, were found by police officers in defendant's house and on his

premises, in Paia, district of Makawao, Maui. There were in the house, at the time of the visit of the officers, defendant's wife and another Japanese who was a visitor. Defendant was not at home, but was arrested at another place in the district shortly after the discovery of the articles above mentioned.

The evidence of the ownership of the house was an admission by defendant to that effect, who also said that he did not make the liquor, but that his wife made it.

A statute passed in 1884 (Chapter 36 of the laws of that year) added to Section 5 of the Act of 1882, " regulating the sale of spirituous liquors," a clause as follows : " The possession of such distilled liquor shall be *prima facie* evidence of the distillation thereof, and it shall be incumbent on the party or parties having possession thereof, to prove their innocence of distilling the same." This follows a clause prescribing the punishment for distilling spirituous liquors on these islands, except under a license to owners of sugar mills authorized by an Act of 13th July, 1874. On the 13th January, 1893, an Act was approved " To license the distilling of spirituous liquors." Section 8 of this Act prescribes the punishment for unlicensed distilling of spirituous liquors, which varies from the punishment authorized by the Act of 1884. This Act (Chapter 108 of the laws of 1892–3) specifically repeals an Act of 1884 authorizing the establishment of a distillery in Honolulu, and also the Act of 1874 authorizing licenses to distill liquor to owners of sugar mills, and also repeals all laws and parts of laws inconsistent with the Act itself. Does it repeal, also, the clause of the Act of 1884 making the possession of liquor distilled in this country *prima facie* evidence of having distilled the same ?

That it does repeal the punishment for illicit distillation of spirits enacted by the Act of 1884 is clear, for it is legislation upon exactly the same subject and prescribes a different penalty for the offense.

The clause making the possession of such distilled liquor *prima facie* evidence of guilt establishes a principle of law in

regard to the burden of proof in such cases. It may be called a rule of evidence. It is not inconsistent with the later Act prescribing a different penalty. It stands by itself, and, as it is not specifically repealed and is not inconsistent with the Act of January 13th, 1893, it stands as law for the guidance of courts and juries in the trial of such cases.

It was for the jury to say whether the liquor being found on defendant's premises and thus in his constructive possession, he had rebutted the presumption made by the law that he had distilled it, by his statement to the officers " that his wife made it." The jury found that he had not, and we cannot say that they were wrong in disbelieving him or that in law it had that effect.

Exceptions overruled.

*Attorney-General W. O. Smith,* for prosecution.

*W. C. Achi,* for defendant.