## REPUBLIC OF HAWAII *v.* AKONI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 1, 1897.            DECIDED MAY 17, 1897.

FREAR AND WHITING, JJ., AND S. M. BALLOU, ESQ., OF THE
BAR, IN PLACE OF JUDD, C.J., ABSENT.

Evidence that a liquor produced at the trial was "okolehao" and that
okolehao was distilled from *ti root* and a strong intoxicating liquor,
is sufficient to warrant the jury in finding such liquor to be a
spirituous liquor.

Evidence as to the possession of spirituous liquor by defendant, held
to be sufficient to support the verdict.

### OPINION OF THE COURT BY WHITING, J.

The defendant was convicted of the offense of distilling
spirituous liquor without a license, in violation of Section 8 of
Chapter 108, Session Laws of 1892, an Act to license the dis-
tilling of spirituous liquors. The defendant duly excepted to
the verdict as contrary to the law and the evidence, and also
moved for a new trial on the same grounds, which motion was
overruled and duly excepted to, and defendant by his bill of
exceptions brings them to this court.

Chap. 108 of the Session Laws of 1892 provides for the
licensing of the distillation of spirituous liquors, and in Sec. 8
it is provided that any person who shall distill spirituous liquors
without a license according to law, shall be punished, &c.

The case rests upon two points:

1. Whether there was sufficient evidence to prove that the liquor okolehao produced in the case was spirituous liquor.

2. Whether there was evidence sufficient to connect the defendant with the unexplained possession of the same.

The evidence clearly shows that the liquor seized was "okolehao," and is distilled in these islands from the ti root. The process of obtaining this liquor from the ti root was fully described and proved to be by distillation. The evidence also showed that this distilled liquor, "okolehao," was a strong intoxicating liquor. However, the word "spirituous" was not used by the witnesses in describing this "okolehao."

It is claimed that the court or jury cannot judicially know that "okolehao" is a spirituous liquor, and that evidence showing that such liquor was intoxicating does not prove it to be spirituous.

There is a distinction between "intoxicating" and "spirituous" liquor.

The word "intoxicating" includes a larger class of cases than "spirituous." They bear the relation to each other of genus and species; all spirituous liquors are intoxicating, but all intoxicating liquors are not spirituous.

*Commonwealth v. Herrick*, 6 Cush. 468.
*Commonwealth v. Pope*, 12 Cush. 272.
*Commonwealth v. Livermore*, 4 Gray 20.

In common parlance, spirituous liquor means distilled liquor; and such we believe is its meaning in the statute. Fermented liquor, though intoxicating, is not spirituous.

*Commonwealth v. Grey*, 2 Gray 502.

These cases are not decided upon any statutory definition of such liquors.

Further, the liquor itself was produced before the jury for their examination.

In *Commonwealth v. Peckham*, 2 Gray 514, the court held that an allegation, on an indictment, of an unlawful sale of intoxicating liquor, is supported by proof of a sale of gin, without proof that gin is intoxicating. Metcalf, J., says: "Jurors are not to be presumed to be ignorant of what everybody else knows. And they are allowed to act upon matters within their general knowledge without any testimony on these matters. Now everybody who knows what gin is, knows not only that it is a liquor, but also that it is intoxicating. And it might as well have been objected that the jury could not find that gin was a liquor, without evidence that it was not a solid substance, as that they could not find that it was intoxicating, without testimony to show it to be so. No juror can be supposed to be so ignorant as not to know what gin is. Proof, therefore, that the defendant sold gin is proof that he sold intoxicating liquor. If what he sold was not intoxicating liquor it was not gin."

Surely the same may be said of okolehao in these islands, a well known spirituous liquor of great strength, and very intoxicating. If the liquor in the demijohn was not distilled and was not intoxicating it was not okolehao.

From the evidence given, the jury could well find that this liquor was spirituous liquor.

The defense before the jury was that the defendant did not have this liquor in his possession or under his control and did not distill it.

The evidence shows that a trunk was shipped at a port in Molokai on board the steamer Mokolii, by the defendant, to Honolulu; it was received on board the steamer by the purser and placed with other freight in the hold of the steamer, and on the arrival at Honolulu it was landed and shortly afterwards seized from the possession of one Apana (not the defendant), to whom it had been sent, and whose name was marked on the trunk. This trunk contained the demijohn of okolehao; and its delivery by the defendant to the vessel as freight, and its coming

to Honolulu in the ordinary course of freighting and delivery to Apana, is also shown by the evidence of the witnesses.

Apana, who received the trunk containing the okolehao, also testifies that, a short time prior thereto, he asked defendant in case he, the defendant, got some okolehao to let him have some for use on New Year's Day; and that he, Apana, went to the steamer expecting it to arrive.

Aka, a sailor on the Mokolii, testified that, at the landing place, "Pelekunu," in Molokai, the defendant, Akoni, brought the trunk to the boat and passed it into the hands of Aka as freight, and that it was put on board the steamer. Aka also testified that defendant Akoni told witness to deny any knowledge of the trunk or freight.

There was other testimony corroborating that of Aka as to Akoni carrying the trunk to the boat and handing it to Aka.

There was also evidence tending to show that the trunk was bound by a rope, and arrived and was delivered in Honolulu in the same condition as it was shipped at Molokai.

The defendant denied the possession of the okolehao and of the trunk and of his delivering it to Aka. In fact, the evidence was contradictory as to the possession by the defendant of the trunk and liquor.

It was a question of fact for the jury, and we are of opinion that there is evidence to support the verdict, and we cannot say that the jury were wrong.

There was no evidence, except the possession, that the defendant himself distilled the liquor, but the jury must have found that its possession was traced to the defendant and this possession was not explained in any way to rebut the *prima facie* case made out by such possession under Chap. 36, Session Laws of 1884, which provides that the possession of such distilled (spirituous) liquor shall be *prima facie* evidence of the distillation thereof, and it shall be incumbent on the party or

parties having possession thereof to prove their innocence of distilling the same.

*Prov. Gov't v. Yoshimoto Sakuhachi,* 9 Haw. 387.

Exceptions overruled.
*E. P. Dole, Deputy Attorney-General,* for prosecution.
*J. T. De Bolt,* for defendant.