## THE KAWAILANI.

(Circuit Court of Appeals, Ninth Circuit. February 15, 1904.)

### No. 932.

1. FEDERAL COURTS—APPEAL—FILING TRANSCRIPT—TIME—MOTION TO DISMISS.

Where a transcript of the record is filed in the Circuit Court of Appeals after the time prescribed by the rules has expired, but before a motion is made to dismiss the appeal on that ground, such motion will not be granted.

2. REVENUE LAWS—INTOXICATING LIQUORS—FRAUDULENT CONCEALMENT—VESSELS—CONDEMNATION—TRIAL—ACTS OF JUDGE.

Where, in a proceeding to condemn a vessel for violating the United States revenue laws, in removing and concealing certain intoxicating liquors with intent to escape payment of revenue taxation, at the conclusion of the evidence the question of the identity of the liquor was in doubt, it was proper for the court, on its own motion, to recall an internal revenue collector who had testified, and question him further on such issue.

3. SAME—INTOXICATING LIQUORS—COMMON KNOWLEDGE.

Where, in a proceeding for the forfeiture of a vessel for violating internal revenue laws, in transporting and secreting certain okolihoa, there was no controversy that the liquor transported and secreted was the product of the ti root, grown in Hawaii, which the Supreme Court of such republic had previously held was a "well-known spirituous liquor, of great strength, and very intoxicating," it was not necessary that proof of the intoxicating qualities of such liquor should be introduced.

4. SAME—MANUFACTURE—TIME.

In a proceeding for the forfeiture of a vessel for violating the internal revenue laws, in transporting and concealing intoxicating liquors, evidence *held* to justify a finding that the liquor concealed was manufactured in Hawaii subsequent to the taking effect in that territory of the revenue laws of the United States.

Appeal from the District Court of the United States for the District of Hawaii.

Wm. Daingerfield (Clarence W. Ashford, of counsel), for appellant.

Marshall B. Woodworth, U. S. Atty. for Northern District of California, and Robert W. Breckons, U. S. Atty. for District of Hawaii.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. A motion is made in this cause to dismiss the appeal. It is not contended that the appeal was not duly perfected, but that the record was not filed in this court within the time prescribed by its rules. The appeal was perfected July 18, 1902, and the record was not filed here until January 5, 1903; but it was filed before any motion was made to dismiss, the latter not having been made until June 9, 1903. As said by the Circuit Court of Appeals for the Sixth Circuit in Altenberg et al. v. Grant et al., 83 Fed. 980, 981, 28 C. C. A. 244: "Bingham v. Morris, 7 Cranch, 99 [3 L. Ed. 281], shows that, if the transcript of record is filed before the motion for dismissal, the motion will not be granted." The motion to dismiss is denied.

The appeal is from a decree of the District Court for the District of Hawaii condemning and forfeiting to the United States the schooner Kawailani, her tackle, apparel, and furniture. The grounds for the seizure, condemnation, and forfeiture stated in the libel of information are, in short, that at and prior to the time of seizure one G. K. Kehahune, then and there being in charge of the vessel in the port of Honolulu, did use the same in the removal of certain spirituous liquors upon which a tax was imposed by the laws of the United States, which tax had not been paid, with the intent then and there to defraud the United States of the tax, and at the same time and place did deposit and conceal on the schooner certain spirituous liquors upon which a tax was imposed by the laws of the United States, which tax had not been paid, with the intent then and there to defraud the United States thereof, in the depositing and concealing of which liquors the said vessel was used by the said Kehahune. Two claimants appeared and answered—Hong Quon and L. Apana—setting up ownership of the schooner, and putting in issue the averments of the libel. After a trial of the issues, the court found the facts in favor of the government, and decreed a forfeiture of the property.

In their argument, the appellant's counsel confined themselves to the second, third, fourth, fifth, and sixth assignments of errors, which are as follows:

"Second. The United States having rested its case, and said appellants having put on testimony and rested, and no testimony being offered in rebuttal, appellants, by their counsel, moved to strike out all the evidence given by said A. L. Webster, and all tests of said liquor made in court, for the reason that there was no testimony before the court to identify the liquor so tested by said witness, as the liquor mentioned in the libel herein. Third. That the court erred in finding as a fact, and in presuming, as set forth in its said decision, that the liquor produced in court upon said hearing and trial was distilled liquor manufactured in the territory of Hawaii. Fourth. That the said court erred in finding, as a matter of fact, that said last-described liquor was produced or manufactured in the United States. Fifth. That the court erred in finding, as a matter of act, that the liquor so produced in court, or the liquor mentioned in said libel of information, was produced in the terri-

tory of Hawaii since the extension to the islands which now constitute said territory became subject to the internal revenue laws of the United States. Sixth. That the court erred in finding, as matter of law, that the liquor mentioned in said libel of information, or the liquor so produced in court, or any thereof, was or is liable or subject to any tax under the laws of the United States."

It is insisted on the part of the appellant that it was essential to the government's case for the proof to show that the liquor in question was distilled in Hawaii subsequent to the taking effect in that territory of the internal revenue laws of the United States, to wit, June 14, 1900, the date of the taking effect of its organic act of April 30th of the same year (chapter 339; 31 Stat. 141); that the court below based its findings of fact to that effect upon mere presumptions, and without any proof of those facts. It is also insisted that the character of the liquor found by the government's officers concealed on board the schooner in question by its captain was not such as to bring it within the provisions of the revenue laws, and that the liquor found concealed on the vessel was not properly identified as that introduced in evidence on the trial of the case. In connection with the latter point, complaint is made that, upon the conclusion of the testimony, the court below, of its own motion, recalled the internal revenue collector, Roy H. Chamberlain, and questioned him further in respect to the identity of the liquor offered in evidence with that found by him on the vessel. To that action of the court below the appellant reserved an exception, and here insists upon it. There is no merit in it. The recalling of the witness was clearly within the discretion of the court, and was highly proper, if the evidence already given left the question of the identity of the liquor in doubt, and the witness could make the matter clear. This he did by his testimony.

In respect to the nature of the liquor in question, it appeared without conflict in the evidence that it is the product of the ti root grown in the Hawaiian Islands, and known as "okolehoa," and so well known there that the Supreme Court of the Republic of Hawaii, in deciding the case of a defendant convicted of the offense of distilling spirituous liquor without a license, in violation of a certain section of the Session Laws of the Republic of 1892, spoke of it as "a well-known spirituous liquor, of great strength, and very intoxicating." Rep. Ha. v. Akoni, 11 Hawaii, 53. In that case the liquor itself was produced before the jury for examination, just as the liquor in question here was produced before the court, and examined by the witnesses, one at least of whom testified that it was okolehoa. In Commonwealth v. Peckham, 2 Gray, 514, the court held that an allegation, in an indictment, of an unlawful sale of intoxicating liquor, is supported by proof of a sale of gin, without proof that gin is intoxicating, saying:

"Jurors are not presumed to be ignorant of what everybody else knows, and they are allowed to act upon matters within their general knowledge without any testimony on those matters. Now, everybody who knows what gin is knows not only that it is a liquor, but also that it is intoxicating. And it might as well have been objected that the jury could not find that gin was a liquor, without evidence that it was not a solid substance, as that they could not find that it was intoxicating, without testimony to show it to be so. No juror can be supposed to be so ignorant as not to know what gin is. Proof,

therefore, that the defendant sold gin, is proof that he sold intoxicating liquor. If what he sold was not intoxicating liquor, it was not gin."

Was the evidence sufficient to justify the conclusion of the court to the effect that the liquor concealed by the captain of the schooner on board of her was manufactured in Hawaii subsequent to the taking effect in that Territory of the revenue laws of the United States? In this connection it must be remembered that circumstantial evidence is sometimes quite as strong as direct. If the liquor in question had not been subject to the tax imposed by the revenue laws of the country, there could have been no motive on the part of the captain of the schooner in concealing it on board, and in denying to the revenue officers, as he repeatedly did, that he had it. It was only after the officers had commenced a search of the vessel under their warrant, and had been prosecuting their search for some time, that the captain produced the liquor. And how did he get it? It appears from the testimony that one Peter Makia lived at Kahana, in the northern part of the Island of Oahu, and that it was to his house, at the request of the captain of the schooner, that the liquor was brought, and from which he took it on board the vessel. Makia's testimony is to the effect that he had lived at Kahana about a year and eight months; that up in the mountains, but a short distance from his house, a Japanese was engaged in making okolehoa; that within a few months of the time the witness was testifying he had seen a part of the plant with which the Japanese manufactured the liquor; and that it was to this place that the witness sent, at the request of the captain of the schooner, for the liquor that the captain afterwards concealed upon the vessel, and upon which it was shown no tax was ever paid to the government. We think these facts and circumstances, and others of a like nature, sufficient to justify the conclusions of the court below.

The judgment is affirmed.