## IN THE MATTER OF THE APPLICATION OF E. R. BEVINS FOR A WRIT OF HABEAS CORPUS.

### No. 1278.

### ORIGINAL.

ARGUED JUNE 26, 1920.                    DECIDED JULY 2, 1920.

### COKE, C. J., KEMP AND EDINGS, JJ.

CONTEMPT—*record.*

A recital in the mittimus that the accused "in a contemptuous and insulting manner * * * made certain statements intimating, and intending to intimate, the incompetency of the judge," etc., is not a compliance with the provisions of section 4056 R. L. 1915 which provides that "Whenever any person shall be adjudged guilty of any contempt or sentenced therefor, the particular circumstances of the offense shall be fully set forth in such judgment and in the order or warrant of commitment."

SAME—*same.*

The language itself should be set out in the mittimus to enable the reviewing court to determine whether the judge of the court below properly assumed that the petitioner intimated, or intended to intimate, the incompetency of the judge.

SAME—*legislative authority.*

The right to punish for direct contempt is inherent in every court of record and it is doubtful if that right can be taken away by legislative enactment, but the procedure is purely statutory and compliance with the statute in respect thereto must be had.

### OPINION OF THE COURT BY COKE, C. J.

The petitioner, E. R. Bevins, an attorney at law, was adjudged guilty of direct contempt of court by the judge of the circuit court of the second judicial circuit and was sentenced to pay a fine of $50 and in default of the payment thereof was ordered to be imprisoned for a period not to exceed thirty days. The fine was not paid

and a warrant of commitment was issued by the court directing the high sheriff, his deputy, or the sheriff of the County of Maui or his deputy to take Bevins into custody and to cause the sentence to be executed. After being taken into custody Bevins obtained a writ of habeas corpus from the chief justice of this court. The deputy high sheriff, Mr. Gleason, made return to the writ setting forth that the petitioner Bevins was held by him under and by virtue of a mittimus issued out of the circuit court, a copy of which was attached and made a part of the return. The petitioner has interposed a demurrer to the return of the officer. The grounds of the demurrer as contained in the second paragraph thereof are as follows: "That the mittimus under which said respondent Patrick Gleason attempts to justify the restraint and imprisonment of petitioner fails to set forth the particular circumstances of the offense on the commission of which petitioner was committed contrary to the provisions of section 4056 of the Revised Laws of Hawaii, 1915." That portion of section 4056 R. L. 1915 applicable to the matter under consideration provides that "Whenever any person shall be adjudged guilty of any contempt or sentenced therefor, the particular circumstances of the offense shall be fully set forth in such judgment and in the order or warrant of commitment."

The only question therefore for this court to determine is whether the recital in the mittimus is a sufficient compliance with the statute requiring the particular circumstances of the offense to be fully set forth in the warrant of commitment. The mittimus recites that the petitioner "in a contemptuous and insulting manner * * * made certain statements intimating, and intending to intimate, the incompetency of the judge of said court to hear and determine a certain case." It is quite obvious that the manner in which language is used is

often entirely impossible of description and the impossible is never expected. But in the mittimus before us it is not only recited that the petitioner made certain statements in a contemptuous and insulting manner but that by the statements he intimated, or intended to intimate, the incompetency of the judge to hear and determine a case then pending before him. It is the sum total of all of these things which constituted the contempt. Under these circumstances the statutory requirement that the particular circumstances of the offense be set forth in the mittimus has not been complied with. The statements made by petitioner should be contained in the mittimus so that this court may determine whether the judge of the court below properly assumed that the petitioner by the use of the language intimated or intended to intimate the incompetency of the judge. *In re Vivas*, 18 Haw. 670, Chief Justice Hartwell ordered the release of the prisoner because the mittimus did not state the circumstances of the contempt, which he held to be a peremptory statutory requirement. In *Ogden* v. *State*, 93 N. W. 203, the opinion is summed up in the syllabus as follows: "A recital that accused addressed insulting and menacing language to the court is a mere conclusion. The language itself should be set out to enable the reviewing court to determine whether it was actually contemptuous." And in *Crites* v. *State*, 105 N. W. 469, the court reviewing a summary proceeding to punish an alleged contempt committed in the presence of the court made use of the following language: "In such a case it is absolutely necessary for the preservation of the liberties of the citizen that in recording a conviction the court shall state the facts showing the contempt charged. It is not sufficient to state in a general way the conclusions of fact on which the conviction is based. The facts themselves must be stated from which the reviewing court

can see that the ultimate fact of guilt is properly and justly found." The right to punish for direct contempt is inherent in every court of record and it is doubtful if that right can be taken away by legislative enactment, but the procedure is purely statutory and compliance with the statute in respect thereto must be had.

In the present case the mittimus by failing to set forth the particular circumstances of the offense does not meet the requirements of the statute, hence the petitioner must be discharged from custody and it is so ordered.

*E. C. Peters* and *H. R. Hewitt* (*Peters & Smith* on the brief) for petitioner.

*H. Irwin*, Attorney General, for respondent.

