## MARY VARES *v.* MANUEL VARES.

### No. 1591.

APPEALS FROM CIRCUIT JUDGE SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

ARGUED FEBRUARY 11, 1925.                DECIDED APRIL 13, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONTEMPT—*adjudication of before sentence.*

A contempt is a criminal offense and no sentence can be pronounced until the defendant has been found guilty of the alleged contempt.

DIVORCE—*security for support of children—appointment of receiver.*

It appearing that libellee had neglected and refused to furnish security required by the court conditioned upon the payment of money for the support of minor children, the court was authorized, under section 2981, R. L. 1925, to appoint a receiver to take charge of the personal property of libellee.

OPINION OF THE COURT BY LINDSAY, J.

On October 15, 1923, libellant was granted a decree of divorce from libellee on the ground of extreme cruelty

and was awarded the care and custody of the five minor children of the marriage. It was further decreed that libellee pay to libellant for the support of the minor children the sum of $25 per month, the first payment to be made on or before the tenth of February, 1924, and on or before the tenth of each month thereafter until the further order of the court.

On June 19, 1924, libellant moved that libellee be ordered to show cause why he should not be adjudged guilty of contempt of court for his failure to obey the order of the court in respect to the foregoing payment of support money. The matter was continued from time to time until on October 25, 1924, when the court, after a hearing, filed an "order of commitment for contempt for failure to obey decree for payment of support money for support of minor children." In this order the court finds "that the libellee has failed and neglected, wilfully, to obey the decree of the court for the payment of money to the libellant for the support of the minor children awarded to her custody by the decree of this court herein dated October 16, 1923; and it appearing to the court that the libellee is about to come into possession of the sum of approximately $1500, and in view of the libellee's previous wilful failure and neglect to make the payments above referred to, it is ordered, decreed and adjudged that the libellee make a good and sufficient bond in the sum of $1000 conditioned to the payment of all sums of money now due under the decree of divorce above mentioned. It is further ordered, decreed and adjudged that the libellee, Manuel Vares, be, and he is hereby, directed to stand committed to the common jail of the County of Maui, there to remain charged upon said commitment until he shall have filed a bond in the amount and conditioned as above referred to, unless he

shall be sooner discharged by order of this court; and that a warrant issue to carry this order into effect."

On the same date (October 25, 1924) a mittimus was issued under the seal of the court signed by the clerk thereof which, after reciting the decree of divorce, the award of custody of the minor children and the award of monthly payments for the support of said children, proceeds as follows: "Whereas, under date of June 19th, 1924, there issued out of this court in said cause, under the seal of the court, an order directing that said Manuel Vares show cause why he should not be adjudged guilty of contempt of court, and committed to jail, because of his failure to comply with the order of the court concerning said above named payments; and whereas, a hearing was had on said order on Saturday, October 25th, 1924, Mary Vares, libellant, appearing in person and by A. E. Jenkins, her attorney, and Manuel Vares, libellee, appearing in person and by his attorney, Enos Vincent; and whereas, at said hearing, the testimony taken did show conclusively that, on or about Tuesday, October 21st, 1924, there was paid into the circuit court of the first circuit in the division presided over by Judge O'Brien, by the Bank of Maui, Limited, the sum of fifteen hundred and more dollars; this being in full payment and satisfaction of a judgment theretofore rendered in said court in favor of Manuel Vares (being the same Manuel Vares herein cited for contempt) against said Bank of Maui, Limited; the evidence further showing said moneys as being held by said court subject to withdrawal by said Manuel Vares and (or) his attorneys, Robertson and Vincent, upon filing formal satisfaction of judgment in said cause. The testimony showing and the court finding that said Manuel Vares was and is upon his own action and demand in a position to promptly realize the sum of fifteen hundred dollars and more,

did call upon him in open court to give reasonable security in the sum of one thousand dollars for all amounts past due as well as amounts to become due under the decree of this court; to which ruling of the court said Manuel Vares, by and through his attorney, Enos Vincent, took exceptions and noted an appeal to the supreme court. It is therefore ordered that said Manuel Vares be, and he hereby is, committed to the county jail of the County of Maui, at Wailuku, Maui, for the period of thirty days, there to remain charged upon said contempt until he shall have paid the moneys due under said decree for the support and maintenance of his children, who, at this time are, as shown by the testimony, public charges, and until such time as he shall give security in the sum of one thousand dollars ($1000.00) to meet the order of this court, heretofore made as to payments due and to become due." On October 29, 1924, in response to the motion of libellant, the court, pursuant to section 2938, R. L. 1915, appointed Henry Smith, chief clerk of the first circuit court, receiver to collect the sum of $1500 standing to the credit of libellee in Judge O'Brien's division of the first circuit court, and to hold and apply the proceeds thereof for the support, care and custody of the minor children.

The matter is here on two appeals—first from the order committing appellant to prison, and second, from the order appointing a receiver.

Section 4330, R. L. 1925, provides that "Whenever any person shall be adjudged guilty of any contempt or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment." This statute is imperative. (*In re Vivas*, 18 Haw. 670) It can scarcely be said that in this case the particular circumstances of the offense for which libellee stands committed to

jail have been fully set forth in either the order or the mittimus, for, from neither of these documents does it seem clear whether the contempt of libellee consisted in his neglect to pay past instalments, or his failure to promptly furnish the bond required of him. But the procedure followed herein is open to a more serious attack, and the order committing libellee to jail must be set aside because it nowhere appears that he was ever convicted of contempt of court. In *Ex parte Thurston,* 17 Haw. 639, a *habeas corpus* matter before Chief Justice Frear, it was held that, before a person may be sentenced for contempt of court, it must appear that such person has been convicted of contempt, the learned chief justice saying, "It nowhere appears that the petitioner was convicted of contempt. A person cannot lawfully be sentenced for the commission of an offense until he has been duly convicted or found guilty of the offense. It may be perfectly clear from the evidence in a criminal case tried before a jury that the defendant has committed a certain offense, but the court cannot sentence him for it until the jury have rendered a verdict of guilty against him. It is equally true that the court cannot in a criminal case heard or tried by itself pronounce sentence until it has found the defendant guilty. A contempt such as it is contended the petitioner committed is a criminal offense and no sentence can be pronounced until after conviction in such a case any more than in other criminal cases. The mittimus does not show that the petitioner was convicted of any offense, nor does it show of what offense he was convicted, if he was convicted of any offense."

The appeal from the order committing libellee to prison is sustained.

As to the appeal from the order appointing a receiver. As appears from the record, after the proceedings had

on October 25, 1924, at which libellee was required to furnish a bond, libellant moved that a receiver be appointed to take charge of the personal estate of libellee. The motion was noticed for October 29, on which date the court heard the motion, granted the same, and ordered that a receiver be appointed pursuant to section 2981, R. L. 1925. In the order appointing the receiver the court recites the proceedings had on October 25, states that on that date the court had required libellee to furnish a bond in the sum of $1000, that several days have passed without such bond being furnished, that the court therefore finds that libellee has neglected and refused to give the security required by the court, and that he is therefore in default for not having done so. Section 2981, R. L. 1925, provides: "Whenever the judge shall make an order or decree requiring a husband to provide for the care, maintenance and education of his children, or for an allowance to his wife, the judge may require him to give reasonable security for such maintenance and allowance; and upon neglect or refusal to give the security, or upon default of him and his surety to provide the maintenance and allowance, the judge may sequester his personal estate, and the rents and profits of his real estate, and may appoint a receiver thereof, and cause his personal estate and the rents and profits of his real estate to be applied towards such maintenance and allowance, as to the judge shall from time to time seem just and reasonable."

Under the facts disclosed by the record herein it appears that the court was warranted in finding that libellee had neglected and refused to furnish the security required by the court and the court was therefore authorized under section 2981 to appoint a receiver. We cannot agree with the contention of counsel for libellee that the appeal in the contempt proceeding removed the

case wholly from the jurisdiction of the circuit judge so that the appointment of the receiver was void. The appeal was not a general one but was a mere ancillary matter, involving only the question of libellee's guilt of contempt of court for failure to obey the order of the court. No appeal had been taken from the decree awarding custody of the children and providing for their support, and the court still had jurisdiction, by the means afforded by section 2981, either to compel libellee to provide for the care and maintenance of the children or in the event of his failure so to do to sequester his property and appoint a receiver.

The appeal from the order appointing a receiver is dismissed.

The cause is remanded for further proceedings not inconsistent with this opinion.

*H. L. Wrenn* (*J. L. Coke* and *A. E. Jenkins* with him on the brief) for libellant.

*A. Withington* (*E. Vincent* and *Robertson & Castle* on the briefs) for libellee.