## FRANK B. FERNANDES *v.* ADELINE R. FERNANDES.

### No. 2057.

ARGUED JANUARY 4, 1933.                    DECIDED JANUARY 12, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

On May 10, 1928, upon petition of the husband, the appellee herein, a divorce was granted him from his wife, the present appellant, on the ground of desertion. In the decree it was provided that "the care, custody and control of the minor children named in said libel, to-wit: Dorothy May Fernandes, a daughter, aged 6 years, and Raymond Clifford Fernandes, a son, aged 4 years, be, and the same are hereby awarded to the libellee" (the wife), "with the right in libellant to visit said children at all reasonable hours and to have custody of said children on alternate Sundays until Monday following." On September 25, 1931, the decree was modified "so that the libellant may have custody of the children during school vacations, * * * and that the said libellant shall have the privilege of visiting the children at any time during reasonable hours." On August 20, 1932, the decree was a second time amended "so that the care, custody

and control of the minor children named in the libel filed herein, be and the same are hereby, awarded to the libellant" (the father) "with the right, however, in the libellee to have the care, custody and control of said minor children during school vacations only, beginning with the Christmas vacation, 1932." Under date of December 26, 1931, the libellant filed a motion asking for an order citing the libellee and one Henry Van Gieson, whom she had married after the decree of divorce, to appear and show cause why they should not be adjudged guilty of contempt of court "for failing to obey the orders of this court in the above entitled matter and for interfering with compliance with said orders." In pursuance of the motion the libellee and her present husband were commanded to appear before the circuit court on Tuesday, January 5, 1932, at 9:30 o'clock A. M., to show cause why they should not be adjudged guilty of contempt in the respect above stated. The two respondents failed to appear at the time named, sending word to the court that it would be "impossible for us to take the boat tonight in order to be in court tomorrow morning on the order to show cause" and asked that the matter be continued until January 12, 1932. On January 5, at the hour set for the hearing, the respondents not appearing, "the court ordered a bench warrant issued" citing the respondents, "returnable on Friday, January 15th, 1932, at 9:30 A. M." On January 15, at the appointed hour, both respondents appeared and were represented by counsel. "At the conclusion of the testimony," the clerk's minutes read, "the court adjudged Adeline R. Van Gieson and Henry Van Gieson guilty of contempt of court and both were sentenced to be imprisoned in the county jail at Lihue, Kauai, for a term of five days each. Mittimus to issue forthwith." On the same day, at 1:30 P. M., the clerk's minutes continue, "the order committing Adeline R. Van Gieson to

be imprisoned in the county jail at Lihue, Kauai, for a term of five days, is rescinded, and it was ordered that said Adeline R. Van Gieson be imprisoned in said county jail at Lihue, Kauai, for twenty-four hours." Almost immediately afterwards and on the same day a mittimus was issued reciting that the two respondents were "convicted in the circuit court of the fifth circuit, * * * of the offense of contempt of court for failing to obey the orders of this court in the case entitled 'Frank B. Fernandes, Libellant, vs. Adeline R. Fernandes, Libellee,' Divorce No. 509," and were "sentenced, Adeline R. Van Gieson to be imprisoned in the county jail at Lihue, Kauai, for twenty-four hours, and * * * Henry Van Gieson to be imprisoned in the county jail at Lihue, Kauai, for the term of five days," and ordering the sheriff to take the two respondents into his custody and to cause the sentence to be executed.

The respondents have appealed to this court "from the judgment and sentence" of the circuit judge, on the ground, among others, "that the said judgment is contrary to law and does not comply with the requirements of the law" and "that the said sentence is based upon a judgment which is not in compliance with the requirements of the law, and that said sentence does not comply with the law."

No formal written judgment was filed. The oral judgment was in the terms shown as above by the clerk's minutes. Section 4330, R. L. 1925, provides that "whenever any person shall be adjudged guilty of any contempt or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment." This language is clear and unambiguous. Its meaning is beyond doubt. It was said by Chief Justice Hartwell in the case entitled *In re Vivas,* 18 Haw. 670, that the statute "peremptorily requires the mittimus to contain a recital of the circum-

stances of the offense;" and in *Vares* v. *Vares,* 28 Haw. 291, 294, this court expressly held that the statute is "imperative." In the case at bar, neither in the judgment nor in the mittimus are the particular circumstances of the offense set forth. The judgment merely declares that the court adjudged the respondents "guilty of contempt of court" and the mittimus simply states that the contempt consists in "failing to obey the orders of this court." This is not a compliance with the requirements of the statute. The legislative intent obviously was that the court punishing for contempt should expressly declare the essential facts upon which the adjudication of contempt is based in order that the appellate court may be able to determine from the acts or omissions of the accused whether any contempt was committed. In the present instance it does not appear whether the respondents were found guilty and punished because they failed to comply in some respect with the court's orders concerning the custody of the children or whether they were so punished because they failed to appear in court on January 5, 1932, as commanded by the order to show cause.

It would seem to be neither necessary nor profitable to consider at this time whether upon any of the evidence adduced or upon the present record a correct adjudication of guilt could have been made. It will be sufficient to consider the legality of the judgment and the sentence when the lower court shall comply with the requirements of the statute by stating the particular circumstances of the offense as it finds them from the evidence.

The judgment, the sentence and the mittimus are set aside and the cause is remanded to the trial judge for further proceedings consistent with this opinion.

*C. A. Gregory* (*Smith, Wild & Beebe* on the brief) for appellants.

*O. P. Soares* for appellee.