BEATRICE H. CROW *v.* JAMES W. CROW.

Nos. 4282 and 4354.

May 10, 1966.

Cassidy,* Wirtz, Lewis and Mizuha, JJ., and
Circuit Judge Kitaoka Assigned by
Reason of Vacancy.

---

* Acting chief justice when this case was submitted.

OPINION OF THE COURT BY MIZUHA, J.

On August 22, 1961, the trial court granted divorces to both the appellant-wife (libellant, cross-libellee) and the appellee-husband (libellee, cross-libellant). The decree awarded custody of one child Jerry, age 9, to appellant, and the custody of the parties' other child Lynn, age 14, to appellee and provided for the division and distribution of marital property. The appeal from this decree, herein designated as No. 4282, is discussed in Part I.

On December 6, 1961, several months after the final divorce decree was filed and while No. 4282 was pending before this court, the appellee filed with the First Circuit Court a "Motion for Order to Show Cause" supported by four affidavits, requesting an "Order to Show Cause," *inter alia,* why appellant should not be adjudged in contempt of the August 22, 1961 divorce decree, and why the court shouldn't transfer custody of Jerry Crow, the younger child to the appellee. This order to show cause, issued by the First Circuit Court on December 6, 1961 was served personally on appellant at her place of employment on December 12, 1961. The appellant moved to strike it, urging as a primary ground that the trial court lacked jurisdiction to issue such an order pending the appeal. She then petitioned this court for a writ of prohibition on the ground that the appeal suspended the trial court's jurisdiction over the parties and subject matter of the suit. The petition was summarily denied by this court in an order filed June 5, 1962, and on the same day this court also denied appellee's motion (a) to dismiss the appeal, (b) to affirm the decree of divorce, (c) to affirm the order denying appellant's motion to reconsider the final decree of divorce, and (d) to affirm an order re order to show cause entered November 14, 1961, relating to rights of visitation. The court found that there was no appeal before it concerning the order

entered November 14, 1961.

The appellant and minor child in her custody left for a vacation on the mainland on June 20, 1962 ostensibly for two weeks after notifying appellee of her intention; on August 10 she notified the trial court that her health, financial condition and employment circumstances prevented her from appearing at the hearing on the change of child custody. She did not ask the court for an extension of time or a postponement of the hearing, remaining silent on this matter; however, she did indicate that the trial court could go ahead and sell one of the marital holdings with her consent.

On September 4, 1962, appellant's attorney moved to continue the hearing on the matter of modifying child custody, which motion was denied. Hearings were held on September 4, 14, 27, and 28, 1962 on the issues of contempt of court, modification of child custody and property distribution. The appellant was not present at the hearings although she knew about them, and was represented instead by her attorney. On October 9, 1962 the Circuit Court filed an order adjudging appellant in contempt, amending the decree of divorce and directing enforcement. The order read in part:

"1. That libellant be and she is hereby found and adjudged in contempt of this Court in that she wilfully failed to obey the orders of this Court relating to the visitation rights given therein to libellee; that the imposition of sentence is deferred until such time as the libellant is personally before this Court;

"2. That the care, custody and control of the minor child, JERRY CROW, which in the Decree of Divorce entered on August 22, 1961 was awarded to libellant, be and the same is hereby transferred from libellant to libellee (JAMES W. CROW); * * *."

The order further set out the manner in which the change

of custody of Jerry was to be made. The appeal from this order, herein designated as No. 4354, is discussed in Part II of this opinion.

On November 16, 1962, the court filed another order which principally called for the posting of a supersedeas bond to stay the execution of the change of custody of Jerry while the appeal of No. 4354 was pending. The appellant complied under protest. Appellant attempted to appeal from this order by filing a so-called "Amendment to Notice of Appeal" but we conclude there is nothing before us in regard to this order of November 16, 1962.

## PART I—NO. 4282

Appellant's first contention that the trial court erred in awarding custody of Lynn Crow, age 14, to the appellee is without merit. The determination of the care, custody and control of a minor child in a divorce proceeding is peculiarly within the wide discretionary power of the trial court whose paramount consideration is the welfare of the minor child. The award of custody will not be disturbed by this court since there has been no manifest abuse of discretion. *Application of Burns,* 49 Haw. 20, 31, 407 P.2d 885, 892; *Yee* v. *Yee,* 48 Haw. 439, 442, 404 P.2d 370, 372; *Estrella* v. *Estrella,* 43 Haw. 210, 212-14; *Pacleb* v. *Pacleb,* 42 Haw. 300.

We also do not agree with appellant's second contention that the trial court "committed reversible error in arbitrarily and adversely dividing and distributing" the marital property of the parties. The division of marital property involves the interpretation and application of section 324-37, R.L.H. 1955, which reads in part:

"Upon granting a divorce the judge may * * * finally divide and distribute the estate, real, personal or mixed, whether community, joint, or separate, in

such proportion as shall appear just and equitable, having regard to the respective merits of the parties, to the ability of the husband, to the condition in which they will be left by such divorce, to the burdens imposed upon it for the benefit of the children of such marriage, and all other circumstances of the case; * * *. Such decree as to the * * * division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, * * *."

The trial court divided property having a total estimated value of $67,641.63 as follows: To appellant $31,743.63,[1] to appellee $35,903.00. Appellant correctly states in her brief that the trial court has "broad discretion as to what portion of the property shall be awarded to each spouse," and "although there is no fixed rule for determining the amount of property to be awarded to each, the division of property and the exercise of discretion by the Court is guided by a number of factors, all considered with a primary object of making an equitable and just division between the spouses." After a careful consideration of the record before us, the subsequent change in custody of Jerry Crow from the appellant to appellee affirmed in No. 4354, *infra*,[2] and the specific factors enumerated in section 324-37, R.L.H. 1955, we find that the division of the marital property was just and equi-

---

[1] This includes, at their face value, certain judgments characterized by appellant as worthless. The court has considered appellant's objections to the court's treatment of these judgments and finds no merit therein.

[2] Section 324-37 provides in part: "* * * [T]o the burdens imposed upon it for the benefit of the children of such marriage, * * *." Under the original decree of divorce appellant was awarded the custody of the other minor child, Jerry Crow, age 9, and the burden was imposed upon her to support the younger child. However, this burden was lifted a year later when the custody of Jerry Crow was awarded to appellee, who is solely responsible for the support, maintenance and education of the two children. We have taken this into consideration and also have taken into consideration the additional expense to which appellee has been put by reason of the acts of appellant which occasioned the application for change of Jerry's custody.

table, and within the reasonable discretion of the trial court. See *Richards* v. *Richards,* 44 Haw. 491, 508, 355 P.2d 188, 198. The division will not be disturbed unless an abuse of discretion is clearly shown. *Harrah* v. *Harrah,* —— Kan. ——, 409 P.2d 1007; *Rackham* v. *Rackham,* 119 Utah 593, 601, 230 P.2d 566, 570; *Kraus* v. *Kraus,* —— Colo. ——, 411 P.2d 240, 241. It may be noted here that when this court determines that the division of marital property is "in such proportion as shall appear just and equitable" as provided for in the statute, there need not be any detailed item by item analysis and justification on the merits of the division. See *Saint* v. *Saint,* —— Kan. ——, 411 P.2d 683, 689.

Appellant's third specification of error reads: "The trial Court erred, as a matter of law, in refusing to grant to Appellant the right and opportunity, on July 17, 1961, at a hearing held before the Court, to call several corroborating witnesses on her behalf and to adduce testimony and evidence on her behalf from these witnesses."

The hearing before the trial court on July 17, 1961 was on a motion to reopen. The trial court granted the motion but limited the hearing to "matters set forth in the affidavit" supporting the motion to reopen and permitted appellant to testify. The affidavit had specifically mentioned a witness who "was not within the State of Hawaii during any of the trial proceedings." Appellant was unable to produce the witness at the hearing[3] but

---

[3] "THE COURT: Do I understand, Mr. Greenstein, that Mr. McCarter is not available to testify now?

"MR. GREENSTEIN: That is correct, your Honor. I was aware of that the day we made the setting when I called Mrs. Crow and she told me he had to go to the mainland.

"THE COURT: Why did you not inform me? That is the principal reason I reopened this. Here was a principal witness absent during our case in chief. I was going to give him an opportunity to testify.

"MR. GREENSTEIN: I think it is very important that we be given an opportunity to produce everything that is available.

"THE COURT: If it is so important, when you had the case in chief

offered five other witnesses. There was no offer of proof as to what each of the five witnesses would testify to. The five witnesses "were present during the trial of the case in chief" and were not called at that time. There was no abuse of discretion. See *Filipino Federation of America, Inc.* v. *Cubico,* 46 Haw. 353, 372, 380 P.2d 488, 499; *Yee* v. *Yee, supra.*

## PART II—NO. 4354

The original decree of divorce was filed on August 22, 1961. The appellant-wife appeals from the subsequent order filed in the court below on October 9, 1962, adjudging her in contempt and taking the custody of Jerry from her.

The "statement of questions involved" in the appellant's brief does not comply with Rule 3(b)(3) of the rules of this court. *Lyon* v. *Bush,* 49 Haw. 116, —— P.2d ——. Nevertheless, we will consider two points necessarily suggested by the statement of questions involved which merit consideration.

First, whether there is sufficient evidence to support the change of custody of Jerry Crow from the appellant to the appellee, and second, whether the order adjudging appellant in contempt is valid.

As previously stated in Part I of this opinion, with reference to the custody of Jerry's older brother Lynn, the award of custody of minor children is peculiarly within the wide discretionary power of the trial court whose paramount consideration is the welfare of the minor child.

---

put on you should put on all your witnesses. After everybody has rested and I say what my frame of mind is then you want a rehash of the case, or now you say you want it referred to the Adult Probation, or the Juvenile Court.

"I will permit Mrs. Crow to take the stand and tell what story she wishes to tell, subject to the rule of the applicability of the witness, but I'm not going to permit any witnesses who were present during the trial of the case in chief and were not subject to call at that time."

After a careful examination of the record, we find no manifest abuse of discretion by the trial court in changing the custody of Jerry Crow from appellant to appellee. *Application of Burns, supra; Yee v. Yee, supra; Estrella v. Estrella, supra; Pacleb v. Pacleb, supra.* The appellee father was not found at any time to be an unfit father, but by the original decree of divorce the custody of the younger son was awarded to the mother, appellant, because of this child's tender age. On hearing of the order to show cause as to modification of the custody order as to this son, the court had before it, and proceeded on the basis of, evidence showing that the mother was turning the boy against the father, as well as evidence of denial of the father's right of visitation on some occasions. Appellant's argument that the change of custody was ordered solely for the purpose of penalizing the wife for violating the court's order as to the husband's right of visitation is without merit.

Turning to the question of contempt, section 269-5, R.L.H. 1955, provides: "* * * Whenever any person is adjudged guilty of any contempt or sentenced therefor, the particular circumstances of the offense shall be fully set forth in the judgment * * *."

In adjudging appellant guilty of contempt, the trial court stated: "That libellant be and she is hereby found and adjudged in contempt of this Court in that she wilfully failed to obey the orders of this Court relating to the visitation rights given therein to libellee; that the imposition of sentence is deferred until such time as the libellant is personally before this Court."

The statement adjudging appellant in contempt does not set forth the particular circumstances of the offense as required by the statute and for this reason the contempt order cannot stand. It is insufficient because conclusions of fact on which the contempt order is based may

not be stated in a general manner; the facts themselves must be stated in such a way that the particular matter for which the petitioner is held in contempt is not left in doubt, and this requires the specific recital of instances in which contempt occurred. *In re. Habeas Corpus, Balucan,* 44 Haw. 271, 276, 353 P.2d 631, 635; *Tugaeff* v. *Tugaeff,* 42 Haw. 455, 459-62; *Fernandes* v. *Fernandes,* 32 Haw. 604; *Vares* v. *Vares,* 28 Haw. 291; *In re Bevins,* 25 Haw. 544.

We have carefully considered other specifications of error and find them without merit.

The decree of divorce is affirmed. The order filed October 9, 1962 is affirmed, except that the portion of the order of October 9, 1962 which adjudged appellant guilty of contempt is vacated.

*Ralph E. Corey (Clark & Corey* on the brief) for libellant, cross-libellee, appellant.

*Robert G. Hogan (Hogan & Howell* on the brief) for libellee, cross-libellant, appellee.