STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID C. SCHUTTER, Defendant-Appellant

NO. 5863

DECEMBER 21, 1978

KOBAYASHI, ACTING C.J., OGATA, MENOR AND KIDWELL, JJ., AND CIRCUIT JUDGE FUKUSHIMA IN PLACE OF RICHARDSON, C.J., RECUSED

*Per Curiam.* The defendant attorney was found guilty of criminal contempt under HRS § 710-1077 by the district judge and fined $100.00. He appeals from the oral order and judgment of the district court. We reverse.

HRS § 710-1077(5) expressly provides that "[w]henever any person is convicted of criminal contempt of court and sentenced therefor, *the particular circumstances of the offense shall be fully set forth* in the judgment and in the order or warrant of commitment." (Emphasis added) This particular statutory provision is simply a restatement of former law. *See* HRS § 729-5. *See also Crow v. Crow*, 49 Haw. 258, 414 P.2d 82 (1966).

In this case, the factual specifications required by the statute are to be found in neither the clerk's calendar notation of judgment, entered pursuant to the District Court Rules of Penal Procedure,[1] nor in the court's special oral findings.

---

[1] The District Court Rules of Penal Procedure have since been superseded by the Hawaii Rules of Penal Procedure.

This was due in large part to the district court's clearly erroneous impression that it was not required to make these special findings:

> THE COURT: Mr. Edmunds, the Court not only found the defendant guilty of contempt but immediately imposed the fine, so it is specific right in the record. That is the point of contempt. The Court considered the defendant to be in contempt and it was at that point that it occurred and the Supreme Court can look at the record and decide for itself that this Court was in error, or whatever be the situation.

The failure of the trial court to comply with the statute warrants a reversal, and this ought to put an end to the matter before this court. However, an examination of the entire record of the proceedings compels us to make certain observations concerning the conduct of both trial judge and counsel.

Subject to the exercise of sound judicial discretion, a trial judge has the right to examine witnesses to elicit pertinent material facts not brought out by either party or to clarify testimony. Such power is incident to the search for truth in judicial proceedings. *Territory v. Hall*, 39 Haw. 397 (1952); *Territory v. Van Culin*, 36 Haw. 153 (1942); *Territory v. Kikipi*, 24 Haw. 500 (1918); *Glasser v. United States*, 315 U.S. 60 (1952). *See also Kamahalo v. Coelho*, 24 Haw. 689 (1919); *The Kawailani*, 128 F. 879 (9th Cir. 1904). At no time, however, must the court assume the role of an advocate for either party. In this connection, the following observations are pertinent:

> "The power or discretion of a trial judge to question a witness is not unlimited or unbounded, however. The judge may not examine witnesses to the exclusion of counsel, and he has no more right than counsel to ask irrelevant or incompetent questions. While the mere fact that the judge examines a witness at some length is not necessarily improper, it is improper for a judge to conduct an unduly extended examination of any witness. Moreover, the judge should not by the form, manner or extent of his questioning indicate to the jury his opinion as to the

merits of the case, and the judge must be ever cautious that his questioning of a witness not show bias toward the witness or disbelief of his credibility. The judge should not assume the role of an advocate for either party nor cast aspersions or ridicule upon the witness." 81 Am. Jur. 2d at 426.

This power to interrogate must be judiciously exercised, and the examination ought not to be extended beyond that which is reasonably necessary to elicit needed material facts or to clarify testimony. The record in this case shows that the court's examination of the witnesses, especially those called by the defense, far exceeded that which was reasonable and proper under the circumstances.[2] And while such extended court interrogation, at least according to the trial judge, had the effect of satisfying the court that the defendant was not guilty as charged, the trial judge's excessive and unduly extended examination also had the unfortunate effect of causing the defendant to react in an unprofessional manner, and in terms uncharacteristic of the defendant.[3] We think that the following statement from *Com. of Pa. v. L.U., 542, Intern. U. of Op. Engrs.*, 552 F.2d 498 (3rd Cir. 1977), bears repeating:

"The American legal system contemplates both an independent, respected judiciary and an independent, vigorous bar. The system takes account of the basic need for

---

[2] A trial judge ought to be careful not to usurp the functions of counsel. In the examination of defense witness Dean Arakaki, defense direct examination covered four pages of testimony, the prosecution's less than a page, defense redirect, one page, and the court's, 27 pages. As to defense witness Gary Kawamoto, defense direct examination ran six pages, the prosecutor's, two pages, and the court's, 17 pages. Three other defense witnesses were subjected to similarly extensive examination by the court following relatively short interrogations by defense and prosecution. Seasonable objections were made by the defendant throughout the court's examination.

[3] We need not indulge in intimate detail regarding the defendant's conduct. But the record does show that, on a number of occasions in the course of the proceedings, his words and conduct towards the court were intemperate and disrespectful. The fact that they were obviously the product of his frustration over the court's overextensive examination of his witnesses did not furnish justification for the defendant's conduct.

the orderly administration of justice. Without order in a courtroom, justice may be empty and evanescent. A balance must be maintained, however, between the necessity for judicial power to curb obstruction of justice in the courtroom and the need for lawyers to present their clients' cases fairly, fearlessly, and strenuously. In preserving the balance, a court must not exercise its summary powers of contempt to stifle courageous and zealous advocacy and thereby impair the independence of the bar. On the other hand, the dignity, the independence, and the control of the court must not be degraded by lawyers who equate contempt with courage . . . . [T]he processes of orderly trial, which [are] the supreme object of the lawyer's calling must be protected." 552 F.2d at 503.

Reversed.

*John S. Edmunds* for defendant-appellant.

*Charlotte Libman*, Deputy Attorney General for plaintiff-appellee.