STATE OF HAWAII, Plaintiff-Appellee, *v.* JUNIOR MASANIAI, Defendant-Appellant

(Criminal No. 86-3543)

and

STATE OF HAWAII, Plaintiff-Appellee, *v.* JUNIOR MASANIAI, Defendant-Appellant

(Criminal No. 88-11142)

NO. 13818

MARCH 16, 1990

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Junior Masaniai (Masaniai) appeals from the district court's April 21, 1989 judgment finding him guilty of assault in the third degree, Hawaii Revised Statutes (HRS) § 707-712(1)(a) (1985), and sentencing him "to serve 30 days in [Oahu Community Correctional Center]" (assault judgment). On May 5, 1989 the district court stayed the execution of the sentence pending appeal. We affirm the assault judgment.

Masaniai also appeals from the district court's March 3, 1989 decision finding him guilty of criminal contempt of court, HRS § 710-1077(1)(g) (1985), and its April 21, 1989 decision "susp[ending] imposition of any sentence for 6 [months]" (contempt judgment). We affirm the contempt judgment.

## FACTS

At his arraignment on the charge of assault in the third degree, Masaniai pled not guilty. The case was continued to September 25, 1986. Masaniai failed to appear on September 25, 1986 and thereafter until November 4, 1988 when he was forced to appear in response to a bench warrant that had been served upon him.

At the March 3, 1989 trial, only Honolulu Police Department Sergeant Roy Gonsalves (Sergeant Gonsalves) testified. He stated that on April 18, 1986 he saw Masaniai run up to a male and punch him in the face with a left-right combination. When the victim fell to the ground, Masaniai kicked him in the stomach. Sergeant Gonsalves walked up to the prostrate victim and saw that he had abrasions on the right side of his head and was unconscious.

## I.

## ASSAULT JUDGMENT

A person commits the offense of assault in the third degree under HRS § 707-712(1)(a) if he "[i]ntentionally, knowingly, or recklessly causes bodily injury to another person." Under HRS § 707-712(2), assault in the third degree is a misdemeanor "unless

committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor."

Masaniai contends that the prosecution failed to introduce substantial evidence that his acts caused bodily injury to the victim. In light of Sergeant Gonsalves' testimony, we disagree.

Masaniai further contends that the district court's statement, that there was "no evidence of mutual consent to an affray", demonstrates that it improperly placed upon him the burden of proving mutual consent to a fight or scuffle. We disagree. The district court merely noted the lack of evidence that Masaniai's assault in the third degree was a petty misdemeanor.

## II.

### CONTEMPT JUDGMENT

#### A.

*Appellate Jurisdiction*

Before addressing Masaniai's points challenging the contempt judgment on the merits, we must first decide whether we have appellate jurisdiction. We hold that we do.

In the circuit court, the sentence of the court in a criminal case is the judgment. HRS § 641-11 (Supp. 1989). The same is true in the district court. HRS § 641-12 (1985). We must determine whether the sentence in this case is a sentence authorized by law.

HRS § 706-605(3) (Supp. 1989) states: "In addition to any disposition authorized in subsection (1) of this section, the court may sentence a person convicted of a misdemeanor or petty misdemeanor to a suspended sentence."

The phrase "suspended sentence" in HRS § 706-605(3) is ambiguous. Does it encompass both (1) suspending the imposition of any sentence, and (2) imposing a sentence, and then suspending the duty to perform it? HRS § 641-18 (1985) leads us to conclude that it does. HRS § 641-18 states as follows:

> **Time for appeal in case of suspended sentence.** Whenever in any criminal cause an order suspending the imposition or execution of the sentence is entered by a district or circuit court,

the order shall for the purposes of appeal be deemed a final judgment and the time within which to perfect any appeal in any such cause shall commence to run from the entry thereof.

Thus, cases involving a statutorily authorized "suspended sentence" lack appellate jurisdiction only when the lower court failed to (a) suspend the imposition of a sentence, (b) impose a sentence, or (c) suspend the execution of an imposed sentence. *See State v. Ferreira,* 54 Haw. 485, 510 P.2d 88 (1973).

## B.

### Merits

A person commits the offense of criminal contempt of court under HRS § 710-1077(1)(g) if he "intentionally disobeys or resists the process, injunction, or other mandate of a court[.]"

Masaniai contends that the record lacks substantial evidence that his disobedience or resistance was intentional. We disagree. The record shows that Masaniai was personally instructed to appear in court on September 25, 1986 and that he did not appear on that date or thereafter until he appeared involuntarily on November 4, 1988. The only reasonable inference that can be drawn from these facts is that Masaniai's nonappearance was intentional and contemptuous.

## C.

### Record Requirement

Masaniai further contends that the district court failed to comply with HRS § 710-1077(5)'s mandate that "the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment." We disagree.

This case does not involve an order or warrant of commitment. As suggested in *State v. Schutter,* 60 Haw. 221, 558 P.2d 428 (1978), in district court cases not involving an order or warrant of commitment, the "fully set forth in the judgment" mandate of HRS § 710-1077(5) is satisfied if the particular circumstances of the case

are fully set forth in the district court's oral findings. That is what occurred in this case.

## CONCLUSION

Accordingly, we affirm the district court's April 21, 1989 assault judgment finding Masaniai guilty of assault in the third degree and sentencing him to serve 30 days in the Oahu Community Correctional Center. We also affirm the district court's April 21, 1989 contempt judgment finding Masaniai guilty of criminal contempt of court and suspending imposition of any sentence for six months.

*Christopher R. Evans* on the brief for defendant-appellant.

*Alexa D. M. Fujise,* Deputy Prosecuting Attorney, City & County of Honolulu, on the brief for plaintiff-appellee.