**STATE OF HAWAII**, Plaintiff–Appellee, v. **ANTHONY M. HICKS**, Defendant–Appellant

NO. 14145

(FC–CR. NO. 89–2588)

OCTOBER 19, 1990

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Defendant–Appellant Anthony M. Hicks (Defendant) appeals from the judgment and sentence entered in the Family Court of the First Circuit on September 20, 1989. Defendant was found guilty of criminal contempt of court, Hawaii Revised Statutes (HRS) § 710–1077 (1985), for violating a restraining order.

I.

A temporary restraining order against Defendant was issued by the family court on May 4, 1989. On May 18, 1989, the court extended the restraining order to a protective order effective until November 14, 1989. The order enjoined Defendant from contacting, threatening, or abusing his wife, Flora Hicks, and from entering or visiting Mrs. Hicks' residence on Ahe Street. Defendant was arrested on August 10, 1989 inside the Ahe Street apartment for violating the court's order.

Following a jury–waived trial, the trial court found Defendant guilty of criminal contempt of court for violating the protective order. The trial court made oral findings as to the particular circumstances of Defendant's conviction. After making the oral findings, the court sentenced Defendant to one year in jail with six months suspended provided he remain arrest and conviction free for one year. No written findings were issued.

Although the trial court made oral findings, Defendant argues that the court erred by failing to set forth the particular circumstances of Defendant's conviction in the judgment and mittimus as required by HRS § 710–1077(5). Defendant urges reversal on the ground that the trial court failed to set forth specific written findings.

The State, however, contends that to adopt Defendant's argument would elevate form over substance, and instead the State advances the proposition that the mandate of the statute is satisfied if the particular circumstances of the case are fully set forth in the trial court's oral findings.

The question on appeal, therefore, is whether Defendant's conviction and sentence must be reversed because the trial court failed to specify the particular circumstances of Defendant's conviction for criminal contempt of court in the judgment and

mittimus as required by HRS § 710–1077(5) even though the circumstances were set forth in oral findings.

## II.

We begin our analysis with a review of the statute in question. HRS § 710–1077(5) provides in pertinent part (emphasis added):

(5) Whenever any person is convicted of criminal contempt of court or sentenced therefor, *the particular circumstances of the offense shall be fully set forth in the judgment and in the order or warrant of commitment.*

We have strictly construed this statute and found that where a trial court fails to comply with the requirements of the statute, the conviction must be reversed. *State v. Schutter*, 60 Haw. 221, 222, 588 P.2d 428, 429 (1978). *See also State v. Brown*, 70 Haw. 459, 776 P.2d 1182 (1989).

In *Schutter*, this court determined that factual specifications are required to be fully set forth in the judgment and in the order or warrant of commitment, to satisfy the mandate of HRS § 710–1077(5). *Schutter*, 60 Haw. at 222, 588 P.2d at 429. Consequently, we reversed a guilty verdict because the lower court did not include factual specifications in its findings. *Id.*

In *State v. Masaniai*, 7 Haw. App. ___, 788 P.2d 176 (1990), however, the Intermediate Court of Appeals (ICA) carved out an exception to the effect that written findings are only required when a conviction results in incarceration. In *Masaniai* the defendant was convicted of criminal contempt of court and given a suspended sentence. On appeal the defendant argued that the district court failed to comply with HRS § 710–1077(5) by not fully setting forth the circumstances of the conviction in the judgment and in the order or warrant of commitment. The ICA determined

that since the case did not involve an order or warrant of commitment, oral findings satisfied the mandate of HRS § 710–1077(5).

Although the instant case is distinguishable from *Masaniai*, we nevertheless do not agree with the conclusion arrived in *Masaniai*, and therefore the holding therein is overruled.

The statutory language of HRS § 710–1077(5) is clear. When a person is convicted of criminal contempt of court, the particular circumstances of the offense must be fully set forth in the judgment and order or warrant of commitment. This is required whenever there is a conviction for criminal contempt of court, not only in cases where imprisonment is imposed. Oral findings are not enough to satisfy the mandate of the statute.

## III.

We hold that whenever any person is convicted of criminal contempt of court and sentenced, HRS § 710–1077(5) mandates the trial court to set forth written findings of the particular circumstances of the offense in the judgment and in the order or warrant of commitment. Accordingly, the judgment below is vacated and this case is remanded for proceedings not inconsistent with this opinion.

*Winston Ling* (*Joyce Matsumori–Hoshijo* on the briefs), Deputy Public Defenders, for Defendant–Appellant.

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.