## THE KING *vs.* AH FOOK.

EXCEPTIONS TO ORDER OF McCULLY, J.

HEARING, APRIL 1, 1891. DECISION, APRIL 14, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

If it does not appear in an indictment for perjury that the statement, upon which the perjury is assigned, was pertinent to the issue in the proceedings in which such perjury is alleged to have been committed, the indictment is defective.

OPINION OF THE COURT, BY DOLE, J.

The defendant demurred to an indictment charging him with perjury in the first degree, committed as a witness in the examination of one Ah Wai, upon a charge of arson, before William Foster, Esq., Police Justice of Honolulu.

The first ground of the demurrer, relating to the oath alleged to have been administered to defendant, is identical with the first ground of demurrer in the cases of *The King vs. Angee* and *The King vs. Ahung, ante*, page 259; the defendants in which cases being also indicted for perjury alleged to have been committed in the examination of said Ah Wai for arson, which point has been overruled by us in our opinion filed April 14th, 1891. Upon the same reasoning we overrule the first ground of demurrer in this case.

The second ground of demurrer is as follows : "It does not appear from said indictment that the facts or allegations to which, as said indictment charges, this defendant falsely swore, as therein set forth, were material to the issue then pending, as described in said indictment."

The issue in the proceedings in which the perjury is charged to have been committed, as set forth in the indictment, is as follows : "Said Ah Wai on, to wit, the 28th day of July, 1890,

and in the night time of said day, did unlawfully, willfully and
maliciously set fire to and burn the dwelling house of one
Ahung, situate in Honolulu aforesaid, which said dwelling
house was then and there occupied by and had as its inmates
said Ahung and others." This is alleged to be "a material fact
to be proved," in such proceedings. The allegation of the false
statement made under oath by the defendant, with the assign-
ments of perjury thereon, are as follows : "That he, the said
Ah Fook, was in bed on the night of said July 28th, 1890 ; that
he, said Ah Fook, heard of fire ; that he, said Ah Fook, ran
down in a side lane leading to one Angee's yard ; that said Ah
Wai was the first person he, said Ah Fook, met as he got into
the lane ; that said Ah Wai ran past him, said Ah Fook ; that
he, said Ah Fook, knows said Ah Wai quite well ; that he, said
Ah Wai, was a foot from him, said Ah Fook ; that he, said Ah
Fook, kept on in the said lane to the fire ; that said fire was in
the corner of said Angee's building near the gate ; that the
blaze was higher than a man's head ; that the battens of the
floor were scorched ; that it was between two and three o'clock
in the night. Whereas in truth and in fact the said Ah Fook
did not meet said Ah Wai in said lane ; that said Ah Wai did
not run past him, said Ah Fook, and was not one foot from
him, said Ah Fook; and whereas in truth and in fact said Ah
Wai was not there present on that said night, all of which the
said Ah Fook then and there well knew."

There does not seem to be anything in this allegation of the
defendant's false statement under oath which is pertinent to
the issue of the procceedings in which it was given, or tends
circumstantially to the proof of the "material fact to be proved"
in those proceedings. If it is true that defendant made this
statement under oath at that examination, there is nothing in
it that affects the case in point ; for the circumstance of the
defendant's meeting with Ah Wai in a lane leading to Angee's
yard has no significance in the premises without some further
information as to the distance of the place of this meeting from
the fire ; neither has the other circumstance, that Ah Wai was
running at the time, any value for the same reason. The place

where defendant met Ah Wai may have been a mile or two miles, or further, away from the fire, so far as we are informed by this alleged false evidence, and there are no further statements which connect this evidence about Ah Wai with the issue in the proceedings in question. We think that the reference to Ah Wai is too uncertain and too remotely related to the material fact to be proved to be regarded as material, and therefore sustain the demurrer on this ground.

The third ground of the demurrer in a different shape raises substantially the same points that are disposed of under the second ground of demurrer.

*Deputy Attorney-General Creighton*, for the Crown.

*C. W. Ashford*, for defendant.