## THE QUEEN *vs.* CHEE WAI.

### DEMURRER. BEFORE DOLE, J.

### DECISION RENDERED JANUARY 5, 1892. NOT HITHERTO REPORTED.

In an indictment for perjury, the statement upon which the perjury is assigned must be averred to be material to the issue in which it was given, or it must be clear to the court that it was material from the nature of its information.

### DECISION OF DOLE, J.

The indictment charged the prisoner with perjury in the second degree, committed as a witness in the cause of Chin Hee vs. Ho Kam Ye, *et al.*, a suit in equity, which was tried before the Chief Justice in May last.

The defendant demurred to the indictment on the following grounds:

1. That the said indictment does not aver that the facts to which the defendant is alleged to have testified were material or pertinent to, or affected or might affect, the matter in question, to-wit, the alleged minority of the plaintiff, Chin Hee.

2. That none of the facts to which the defendant is alleged to have testified were material or pertinent to, or affected or might affect, the said matter in question; but on the contrary, that all of said facts were immaterial, irrelevant and insignificant facts which could in no way tend to establish the truth or untruth of the minority of said plaintiff, Chin Hee.

3. That the said indictment does not aver whether the oath was administered to the defendant in person, or through an interpreter, or in either way.

4. That the said indictment does not aver that the said Alfred W. Carter then had legal authority to administer the said oath.

Taking the first and second grounds of the demurrer together: The statement upon which the perjury is assigned must be averred to be material to the issue in which it was given, or it must be clear to the court that it was material from the nature of its information. *Rex vs. Angee, ante*, page 259. In this case the indictment does not allege that such statement was material. Is it evident that it was material from its relation with the issue?

The material question in the case of Chin Hee vs. Ho Kam Yee, *et al.*, in regard to which this statement was made, was whether the plaintiff, "Chin Hee, was an infant of tender years, to-wit, of the age of four or five years." The prisoner, as is alleged in the indictment, falsely stated on this point, under oath, that "he, Chee Wai, was employed by Chin Hee; that that person in court (pointing to one Ah Young, alias Aho) was Chin Hee; that Chin Hee personally paid him his wages."

There is nothing in this statement that enables the court to decide whether or not it was pertinent to the issue. Because defendant swore that he had dealings with a man named Chin

Hee, whom he pointed out, it cannot be inferred that such testimony, standing alone, is material to the question whether or not Chin Hee, the plaintiff in said equity suit, is a minor of tender years. There is nothing in the statement that connects the Chin Hee referred to by defendant with the said plaintiff, Chin Hee, except the similarity of name, and that is not enough. *Rex vs. Ah Fook, ante,* page 265.

I therefore find the indictment to be insufficient on the first and second grounds of the demurrer.

*Deputy Attorney-General Creighton* and *W. R. Castle,* for the Crown.

*A. S. Hartwell,* for the defendant.