JOSEPHINE R. FOWLER *v.* OWEN G. FOWLER, JR.

No. 4530.

MARCH 2, 1967.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

*Per Curiam.* Appellee-wife was granted a divorce from appellant-husband by the trial court. There are no children of the marriage, which lasted approximately four and one-half years.

Appellant's first contention is that the trial court abused its discretionary power in failing to evenly distribute the jointly owned property of the parties.

The division of property in a divorce proceeding will not be disturbed unless an abuse of discretion is clearly shown. *Crow* v. *Crow,* 49 Haw. 258, 414 P.2d 82; *Harrah* v. *Harrah,* 196 Kan. 142, 409 P.2d 1007; *Kraus* v. *Kraus,* ———— Colo. ————, 411 P.2d 240, 241. See *Richards* v. *Richards,* 44 Haw. 491, 508, 355 P.2d 188, 198. The court is not required to divide the joint assets equally between the spouses. *Mackey* v. *Mackey,* Okla. 420 P.2d 516.

After careful consideration of the record before us we find it insufficient to call for a holding that the division

of marital property in this case was not fair and equitable or that it was not within the reasonable discretion of the trial court. As stated in *Marn* v. *Reynolds,* 44 Haw. 655, 663, 361 P.2d 383, 388: "The facts set forth in a brief, unsupported by the record, cannot be considered."

Appellant also contends that the trial court "abused its discretionary powers in awarding the libellant-appellee attorney's fees against the libellee-appellant." We agree. In *Richards* v. *Richards, supra,* p. 496-497, this court stated:

> "Under R.L.H. 1955, § 324-34, we think that a wife who has sufficient means to live in her accustomed manner, and to prosecute her libel for divorce, without impairing the capital of her separate estate, is not entitled to temporary alimony or expenses of trial. Spreckels v. Spreckels, 111 Cal. App. 2d 529, 244 P.2d 917; Loeb v. Loeb, 84 Cal. App. 2d 141, 190 P.2d 246; Markland v. Markland, 155 Fla. 629, 21 So.2d 145. But, in our opinion, the statute does not require a wife to impair her capital, and if her income is insufficient for the maintenance of her accustomed standard of living and for the efficient prosecution of her libel, she may be awarded temporary alimony to supplement her income and may be allowed reasonable expenses of trial. Of course, due consideration must be given to the financial resources of the husband. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184; Sigesmund v. Sigesmund, 115 Cal. App. 2d 628, 252 P.2d 713; Harding v. Harding, 144 Ill. 589, 32 N.E. 206; Waters v. Waters, 191 Md. 436, 62 A.2d 250."

In awarding attorney's fees of $1,200.00 to appellee, the trial court failed to consider the financial resources of the husband as compared to the wife. Appellant's net worth at the time of the marriage was approximately $17,697.14. At the time the parties separated, appellant's net worth

was approximately $1,350.70 as compared to appellee's net worth of approximately $50,000.00.

Appellee's request for attorney's fees in this court is denied in the exercise of our discretion.

The supplemental decree of divorce appealed from is affirmed except insofar as it allows attorney's fees to appellee.

Remanded for entry of an amended supplemental decree in conformity with the opinion.

*Robert M. Rothwell* (*Hoddick, Rothwell and Chang*) for appellant.

*E. D. Crumpacker* for appellee.