FIRST HAWAIIAN BANK, Plaintiff; WALTER T. SHIMODA, Appellee, *v.* QUENTIN I. SMITH, FRANCES ADELINE SMITH aka Frances Adeline Hauser, CREDIT ASSOCIATES OF MAUI, LTD., ROKURO KAMIMOTO, Deputy Sheriff, Defendants; ALEXANDER J. W. McBARNETT, MARY JANE McBARNETT, EDOUARD L. LORD and ROSE M. LORD, Defendants-Appellants.

No. 5012.

March 29, 1971.

Richardson, C.J., Marumoto, Abe, Levinson
and Kobayashi, JJ.

OPINION OF THE COURT BY LEVINSON, J.

This case involves the reasonableness of a fee, in the sum of $2460.00, awarded by the Second Circuit Court to the appellee, Walter T. Shimoda, for services rendered by him as Commissioner of the Court in a mortgage foreclosure sale. The appellee was appointed commissioner by the circuit court in its decision and decree, filed January 26, 1970, ordering foreclosure of the mortgaged property. The appellee was directed to sell the property at public auction, in conformity with the procedures decreed by the court.

The foreclosure sale took place on April 18, 1970, resulting in gross proceeds of $41,000.00. A hearing was held on a motion to distribute the proceeds of the sale and, on June 22, 1970, the trial court entered its order making a partial distribution of the proceeds. The appellants, junior lienholders of the mortgaged property, have appealed from that portion of the lower court's order which awarded compensation to the commissioner. The appellants contend that the compensatory fee of $2460.00 is unreasonable and therefore must be set aside as an abuse of the trial court's discretion. We do not agree.

The trial judge's discretion in awarding fees to Commissioners of the Court is governed by HRS § 607-23. This statute provides in relevant part:

Fees of commissioners and appraisers shall be such as the court or judge deems just and reasonable, together with actual and necessary traveling expenses at the same rate paid for traveling expenses to witnesses subpoenaed to attend courts of record, and all actual disbursements for surveying, plans, etc.

As this court has stated, the "[e]xercise of discretion by the trial judge will not be disturbed upon appellate review except for the abuse thereof." *Sharp* v. *Hui Wahine, Inc.,* 49 Haw. 241, 244, 413 P.2d 242, 245 (1966). Furthermore, such an abuse will be found only when the reviewing court is driven "irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low* v. *Honolulu Rapid Transit Co.,* 50 Haw. 582, 586, 445 P.2d 372, 376 (1968). A careful examination of the record in this case does not lead us to the irrefragable conclusion that the fee awarded is unreasonable. We hold, therefore, that the trial judge's discretion has not been abused. Nevertheless, because the determination of reasonable commissioners' fees is a difficult one, we feel constrained to discuss some of the factors which should be considered by trial courts in making future awards.

At the outset it should be emphasized that a reasonable fee may never be predicated upon a mere percentage of the proceeds in a foreclosure sale. If HRS § 607-23 permitted this manner of computation there would be no reason for leaving the matter to the discretion of the trial court. There would be nothing but the amount realized on which to base a discretionary decision and the injunction of reasonableness would be a nullity. *See Sharp* v. *Hui Wahine, Inc., supra* at 246, 413 P.2d at 246. We do not imply, of course, that the amount realized from the sale of property may never be a proper consideration in ascertaining reasonable compensation.

The time spent by the commissioner in performing the services for which compensation is sought is an important factor to be considered in fixing the reasonable value of those services. This will vary according to the nature, extent and difficulty of the services rendered in each particular case. The time spent, however, must be balanced

against other considerations. The trial court should not penalize a commissioner who, because of prior experience or innate skill, is able to accomplish a difficult task with efficiency and speed. On the other hand, where the sale involves no novel or difficult problems the court should limit the fee.

Finally, it should be stressed that in assessing reasonable compensation for services provided it is not proper for the trial court to rely upon the customary commission charges attributable to sales by real estate brokers. The commissioner does not work under fortuitous conditions. His compensation is assured by statute. The property will be sold at public auction, the commissioner's expenses will be reimbursed, and he will be paid a reasonable fee.

The above guidelines are some of the factors which should be considered by the trial judge in determining the reasonable value of services performed by a Commissioner of the Court. They are not, of course, meant to be exclusive. The trial judge is free to consider all factors which he feels are relevant to the value of services rendered. But in each case the compensation award must be justified by services actually performed. It may not be based upon a fixed or arbitrary percentage of the sale proceeds.

The order is affirmed.

*Sanford J. Langa* for defendants-appellants.

*Walter T. Shimoda,* appellee pro se.