ALICE K. FRANDSEN, Plaintiff, Cross-Defendant-Appellee, *v.* JAMES S. FRANDSEN, Defendant, Cross-Plaintiff-Appellant

NO. 5558

JUNE 6, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an appeal by the husband from the "Further Decision and Order" of the family court, distributing the marital property of the parties.

The wife [appellee herein] suggests that this court is without jurisdiction to hear the appeal, for the reason that the notice of appeal was not timely filed. We disagree. This appeal is governed by H.R.C.P. Rule 73, as provided by H.R.C.P. Rule 81(f).[1] The motion for clarification of order, timely filed by the husband, was in substance a motion to amend order or decree under Rule 52(b) of the family court.[2]

---

[1] Appeals from the family court, from and after February 15, 1977, are governed by the Hawaii Family Court Rules, promulgated by this Court on January 14, 1977. This appeal was filed on September 12, 1973.

[2] Hawaii Family Court Rule 52(b), then locally adopted by the Board of Family Court Judges, effective September 1, 1972, stated:

"*Rule 52. Findings by the Court.*

(a) . . .

(b) AMENDMENT. Upon motion of a party filed not later than 10 days after entry of decree or order or upon the court's own motion, the court may amend its decision or make additional decision or findings and may amend the decree or order accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the family court an objection to such findings or has made a motion to amend them or a motion for reconsideration of the court's decision.

A motion under H.R.C.P. Rule 59 has the effect of tolling the time for appeal under H.R.C.P. Rule 73. To give meaningful effect to H.R.C.P. Rule 81(f), it is necessary to substitute former Hawaii Family Court Rule 52(b) for H.R.C.P. Rule 59 in the text of H.R.C.P. Rule 73 for purposes of this decision.

The husband predicates his appeal upon his disagreement with the family court's division of the marital estate. In only one essential respect do we find the trial court's determination to be unsound.

In its distribution of the assets of the parties, the trial court declared both husband and wife to be joint owners of the shares of stock in Oahu Gas Service, Inc., held in the name of the husband, and decreed that the latter should hold one-half of those shares in trust for the wife. Both parties had placed an aggregate value of $1500 for the shares of stock.

We agree with the husband that cash should have been awarded to the wife in lieu of an undivided interest in the corporate stock. The husband had left a well-paying executive position with the Honolulu Gas Company in order to establish and devote himself to the business of Oahu Gas Service, Inc. He is the president of the corporation, and at the time of the family court proceedings, he was one of a total of three stockholders in the company. He was and has been the moving force within the organization, and upon him apparently has devolved the responsibility for its financial and business operations. He has loaned the company money and made advances for salaries and other operational expenses. Obviously, he has much at stake in the success or failure of the corporation, not only from an investment standpoint but also by reason of employment income considerations. The importance to the husband of unfettered control over the corporate stock under these circumstances is readily understandable. It is quite conceivable that at some point in time his employment with the company may become dependent in large part upon it.

In the particular circumstances of this case, we find, as we did in *Richards v. Richards*, 44 Haw. 491, 355 P.2d 188 (1960), albeit under a different set of facts, that practical and equitable considerations dictate that the husband should be

awarded complete control over these shares of stock. The cash award by the family court upon remand will have to recognize the value of the stock at the time of the division, including the reasonably ascertainable worth of its potential for future increase in value. We think enough time has lapsed to enable the family court to make a fair determination. In no event, however, should the distribution upon remand be based upon a valuation less than that originally established by the parties.

Reversed and remanded for further proceedings consistent herewith. In all other respects, the order appealed from is affirmed.

*A. William Barlow (W. Patrick O'Connor,* of counsel) for defendant, cross-plaintiff-appellant.

*Robert G. Hogan (Hogan, Rother, Grimes & Bybee,* of counsel) for plaintiff, cross-defendant-appellee.