HARRISON AU-HOY, Plaintiff, Cross-Defendant-Appellant, *v.* ANN EDEN AU-HOY, Defendant-Cross-Plaintiff-Appellee

NO. 5821

FEBRUARY 1, 1979

RICHARDSON, C.J., OGATA,
MENOR AND KIDWELL, JJ.*

---

*This matter was submitted without oral argument prior to the retirement of Justice Kobayashi on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

OPINION OF THE COURT BY OGATA, J.

This appeal concerns the power of the trial court, upon granting a divorce, to fairly and equitably distribute all of the property belonging to the parties involved in a divorce proceeding under and pursuant to HRS § 580-47, as amended to September 11, 1974. The appellant-husband, Harrison Au-Hoy (hereinafter "husband") asserts that the trial court abused its discretion in the manner of its division and distribution of the parties' real property. We affirm the judgment.

An absolute divorce was granted to the husband on his complaint and to appellee-wife, Ann Eden Au-Hoy (hereinafter "wife") on her cross-complaint, without alimony, which is not subject to this appeal. The parties had been married for thirty years. There were no children of the marriage although the wife had two adult children by a prior marriage. It appears that at the time of the marriage, the parties did not possess or own any significant amount of property, although the wife inherited an interest in real property of substantial value in Kona on the island of Hawaii. During the marriage the parties worked and kept separate savings and checking accounts except for one account which the husband placed under joint names but which the wife never used. Each paid for his or her separate needs during the marriage, except that the husband paid the costs of food and utility after they moved to Pupukea, Oahu, in 1964.

The properties subject to division and distribution in the court below included the wife's interest in the Kona property held by her in common with other members of her family; two Pupukea lots owned separately by the husband; a third

Pupukea lot, the family home, held by the parties as tenants by the entirety which is subject to a mortgage; and two lots in Wahiawa, which, at the time of the divorce, and for at least ten years prior thereto, were owned by the wife's son Richard D. Lee and his wife.[1]

In his position paper filed by the husband on July 3, 1974, he stated that the division and distribution of all their properties, whether community, joint or separate, be made pursuant to under the then prevailing HRS § 580-47, as interpreted by this court in *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967); that he be awarded his separate lots 55 and 58 in Pupukea, Oahu, as well as lot 57, also in Pupukea, which was owned by him and his wife as tenants by the entirety, subject to a mortgage in the amount of $23,104.45; and that wife receive all her interest in the Kona land; and that in the event husband and wife fail to arrive at such an agreement, the husband urged the trial court to "admix all properties and create a Solomonic judgment."

Wife, in her position paper, requested among other things that the family court award to her the title to lot 57 in Pupukea with the husband paying the balance of the mortgage; that she be further awarded the household furniture, furnishing and silverware at their residence; that she will waive any alimony upon such division and distribution of Lot 57; otherwise wife requested that she be granted $250.00 per month for her support; wife further requested that the husband pay for the wife's attorney's fees and costs.

In a written decision filed on July 26, 1974, the trial court awarded to the husband lots 55 and 58 in Pupukea held

---

[1] There is a dispute as to who paid for these Wahiawa properties. The evidence shows that lot 24, area 8,985 square feet, more or less, was purchased by the wife as trustee for her son, Richard D. Lee, which was eventually conveyed in April 1960, to him and his wife as tenants by the entirety. Also another deed shows that lot 52, area 9,450 square feet, more or less, was conveyed by the husband and wife to Richard D. Lee and his wife as tenants by the entirety, subject however to the mortgage made by the grantors to the First National Bank of Hawaii. According to the finding of the trial court on credibility, the court believed the wife's version that consideration for the payment of these lots came from the grantee Richard, the wife's son. Since the trial judge saw and heard these witnesses, and is better able to judge their credibility, we do not overturn his ruling.

separately in his name and awarded to the husband and wife as tenants in common Lot 57, the third Pupukea lot which was used as their family home. The court further ruled "that the wife may occupy such property during her lifetime. She is to assume all mortgage payments, property taxes and charges and improvement costs." The court also awarded the furniture, furnishings and silverware to the wife. The court denied the husband's claim for division of the Kona property and the Wahiawa property. The husband has argued on appeal that the trial court erred in its division and distribution of the real properties involved and has urged this court to set aside the pertinent portions of the divorce decree.

There is no fixed rule for determining the amount of property to be awarded each spouse in a divorce action other than as set forth in HRS § 580-47. We have said that the discretionary power of a trial court in dividing and distributing property in a matrimonial action under HRS § 580-47 will not be disturbed in the absence of a showing of abuse. *Farias v. Farias*, 58 Haw. 227, 566 P.2d 1104 (1977); *Frandsen v. Frandsen*, 58 Haw. 98, 564 P.2d 1274 (1977); *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967); *Fowler v. Fowler*, 49 Haw. 576, 424 P.2d 671 (1967); *Crow v. Crow*, 49 Haw. 258, 414 P.2d 82 (1966). Further, the division and distribution of property pursuant to a divorce need not be equal but should be just and equitable. At the time the parties were divorced, HRS § 580-47 required that the trial court, in distributing the property of the parties, "take into consideration the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, . . . and all other circumstances of the case." We explained in *Carson* that the phrase, "all other circumstances of the case" included "all other matters which would have a bearing on the division and distribution of property" and that the other factors enumerated in the statute were not exhaustive.

In *Carson*, the trial court had concluded that the husband's separate property was not distributable and we held that the court abused its discretion in placing undue emphasis on the separate ownership of the husband's property. That case does not stand for the proposition that a spouse's sepa-

rate property must in all cases be divided. We emphasized that failure to fully consider the provisions of the statute identical to HRS § 580-47 and placing undue emphasis on a particular factor is an abuse of discretion. But that is not the case here. The trial court stated in its decision that:

> In making a property division, the Court must consider all equitable factors and all other circumstances surrounding the marriage in arriving at a fair and equitable division.
>
> Where the parties, throughout their marriage, have treated their earnings separately, maintained separate expenses and accumulated separate estates, it is within the discretion of the Court to allow each to keep his or her separate estate where such award is fair and equitable under all circumstances. The Court is not compelled to order the sale of all properties and divide the proceeds.

The husband has argued that the trial court misunderstood and failed to apply the applicable statutory and case law. However, we can find no merit to this contention, as the record in this case explicitly shows that the trial court's attention was called to the provisions of HRS § 580-47, and to the *Carson* case. Thus, we are compelled to give full force and effect to the well established rule that " 'the burden of showing error is on the plaintiffs in error. We necessarily approach a case with the assumption that no error has been committed upon the trial and until this assumption has been overcome by a positive showing the prevailing party is entitled to an affirmance.' " *Ala Moana Boat Owners v. State,* 50 Haw. 156 at 158, 434 P.2d 516 at 518 (1967). There is nothing in the written decision of the trial court which articulates even by inference that the court did not consider all relevant factors mentioned in HRS § 580-47, as interpreted in *Carson.* On the contrary, we think that the written decision is implicitly based upon the statutory requirement as expressed by this court.

In our view, a careful examination of the record in this case does not lead us to the irrefragable conclusion that all objective appraisals of the evidence would result in a different finding, which is the prerequisite standard for an appellate court to find abuse of discretion. *First Hawaiian Bank v.*

*Smith*, 52 Haw. 591, 483 P.2d 185 (1971). We are satisfied that the trial court fully and properly considered the statutory provisions of HRS § 580-47 and, therefore, no abuse of discretion has been shown.

Affirmed.

*Joseph A. Kinoshita* for Plaintiff, Cross-Defendant-Appellant.

*Myer C. Symonds* for Defendant, Cross-Plaintiff-Appellee.

### DISSENTING OPINION OF KIDWELL, J.

I dissent in this case because I see our responsibility to review property divisions in divorce actions quite differently from the majority. In *Carson v. Carson*, 50 Haw. 182, 436 P.2d 7 (1967), we reversed a property division saying:

> We conclude that the trial court abused its discretion in not fully and properly considering the provisions of Sec. 324-37 [now HRS § 580-47] in reaching its decision concerning the division and distribution of property.

50 Haw. at 187, 436 P.2d at 11.

In *Carson*, the trial court referred to the acquisitions of certain separate property of the husband before the marriage, and stated that "from these facts" it had concluded that the wife should not share in that property. Since the facts to which the court referred did not include those required by the statute to be considered, we attributed to the court an abuse of discretion.

In the present case, the family court revealed that a major consideration in the property division was the fact that the parties had maintained separate accounts. As § 580-47 read at the time of the divorce in this case, and as it reads today, the circumstances which the family court must take into consideration in dividing the property of the parties to a divorce action are the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case. There is no indication that the

family court weighed these circumstances in arriving at the property division, other than the implication that the award was found to be "fair and equitable under the circumstances." The distinction between this case and *Carson*, in the majority's view, apparently lies in the presence of these words in the decision of the family court. This is said to be sufficient to show that the family court's decision was implicitly based upon the statutory requirement, and the majority expresses itself as satisfied that the family court "fully and properly" considered the statutory criteria. The case is thus brought within the general principle that an abuse of discretion will not be found unless all objective appraisals of the evidence would lead to a different finding.

*Carson* survives as a standard for appellate review of property divisions in divorce actions only where it affirmatively appears that the family court failed to consider the statutory criteria, the risk of which can effectively be avoided by the ritualistic inclusion in all family court decisions of a recital that the division is "fair and equitable under the circumstances." The judges of the family court are presented with factual situations which resist analysis under the statutory criteria, and are entitled to sympathetic consideration by this court. The parties to divorce actions must nevertheless be able to look to this court for appellate review which will assure them that property divisions conform to the statute, or at least do not lose touch with the statute. The standards laid down in this case do not provide what I consider to be meaningful appellate review.[1]

In *Carson* we said that "undue emphasis on a particular factor" in arriving at a property division constitutes an abuse of discretion by the trial court. The emphasis placed by the family court in this case upon the manner in which the parties kept their accounts during marriage is not made substantially

---

[1] Rule 52(a) of the Hawaii Family Court Rules, which became effective after the appeal of this case, requires that the family court enter its findings of fact and conclusions of law in all cases appealed to this court. I do not read the opinion of the court in this case as providing the standard of specificity which should govern the findings of fact and conclusions of law in property divisions appealed to this court under these rules.

less emphatic by the obscure and conclusory finding that the division was "fair and equitable under the circumstances." The circumstance upon which the family court placed emphasis in this case, as in *Carson*, was not one of those specifically mandated for consideration by the statute. The present case appears to me to be clearly one for reversal under the standard of appellate review we laid down in *Carson* and I view the modification of that standard by the court's opinion as unwise and unfortunate. I would set aside the property division and remand the case for reconsideration under the standards provided by HRS § 580-47.