## STATE OF HAWAII, Plaintiff-Appellant, *v.* ARTHUR E. LEE and STANLEY TOBIAS, Defendants-Appellees

NO. 7522

DECEMBER 18, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the State from an order dismissing an indictment for perjury "with prejudice". The question the State as appellant seeks to have determined is whether the court below erred in determining that the alleged perjured statements were not material to the issue before the court at the time the statements allegedly were made.

The State claims that Appellee Lee posted a bail bond in the amount of $150,000 on behalf of one Vernon Reiger, Sr. in Criminal No. 52736 in the Circuit Court of the First Circuit; that the State moved to require the bail bondsman to show that he had unencumbered real property to a value twice the

amount of the bond and that at the hearing on that motion, perjured statements were given. Unfortunately, neither the bond or the motion were designated by the State as portions of the record herein and are consequently not before us, nor, apparently, were they before the Grand Jury which returned the indictment.

The indictment in question reads as follows:

The Grand Jury charges:

*COUNT I:* On or about the 27th day of April, 1979, in the City and County of Honolulu, State of Hawaii, AR-THUR E. LEE in an official proceeding, did make under an oath, required or authorized by law, a materially false statement which he did not believe to be true, thereby committing the offense of Perjury in violation of Section 710-1060 of the Hawaii Revised Statutes.

*COUNT II:* On or about the 26th day of April, 1979 to and including the 27th day of April, 1979, in the City and County of Honolulu, State of Hawaii, STANLEY TO-BIAS in an official proceeding, did make under an oath, required or authorized by law, a materially false statement which he did not believe to be true, thereby committing the offense of Perjury in violation of Section 710-1060 of the Hawaii Revised Statutes.

In the transcript of the hearing on April 26th, Appellee Tobias testified from pages 10 to 50 and on April 27th from pages 3 to 23, a total of 60 pages. Appellee Lee testified on April 27th from pages 39 through 46, a total of 7 pages. Thus, we are left, by the record and by the indictment, not knowing which statements made by the appellees were allegedly false nor what their materiality was to what issue. Instead, we are left to guess as to these matters from the arguments of counsel, the questions asked and the statements of the court below.

Under Hawaiian precedent, the indictment should at least have given a summary of the issue to which the alleged false testimony was material as well as a summary of the testimony which was alleged to be false. *The King v. Ah Fook*, 8 Haw. 265 (1891); *The Queen v. Chee Wai*, 8 Haw. 728 (1892); *Territory v. Tamashiro*, 37 Haw. 552 (1947); *compare* Rule 7(c),

*Hawaii Rules of Penal Procedure* (HRPP). The insufficiency of the indictments was properly raised by the appellees below by pre-trial motion. Rule 12(b)(2), *HRPP*. The record indicates, however, that the trial judge did not pass upon the question of the sufficiency of the indictment.

Instead, he ruled that the testimony of the appellees was not material to the determination that the bondsman had sufficient real property clear of encumbrances. The same judge who presided at the hearing on the missing motion for justification of the surety presided at the motion to dismiss the indictment. In ruling on the motion for justification of the surety, he presumably had before him the missing motion to require such justification and if § 804-16 of the *Hawaii Revised Statutes* (HRS) was followed in this case, he had before him the bail bond in question.

Section 710-1060 under which the appellees were indicted, provides:

> *Perjury.* (1) A person commits the offense of perjury if in any official proceeding he makes, under an oath required or authorized by law, a false statement which he does not believe to be true.
>
> (2) No person shall be convicted under this section unless the court rules that the false statement is a "materially false statement" as defined by section 710-1000(9). . . .

Section 710-1000(9) provides:

> "Materially false statement" means any false statement, regardless of its admissibility under the rules of evidence, which could have affected the course or outcome of the proceeding; whether a falsification is material in a given factual situation is a question of law;

From what was said in the hearings, we surmise that appellant's missing motion was based upon § 804-10, *HRS*, which provides as follows:

> *Sureties, qualification.* No person shall be received as the surety for the appearance of the party accused, who does not own or possess property either real or personal within the State, to double the amount of the bail bond. In case the officer taking the bail doubts the sufficiency of

the surety, he may compel the surety, either by his own oath or otherwise, to furnish proof of his sufficiency.

We surmise also, from what was said in the course of the hearing, that only one surety was on the bond in question. If that is so, then § 804-11, *HRS*, is also pertinent. It provides:

*One surety sufficient, when.* A single surety is sufficient, if he possesses and owns unincumbered real property within the State to double the amount for which he is bound, otherwise there must be two or more.

It may also be that § 804-13, *HRS*, was pertinent. It provides:

*Insufficient bail.* If, owing to mistake or misrepresentation, insufficient bail has been taken, or if the sureties afterwards become insufficient, the accused may be ordered to find sufficient sureties by any magistrate and on his refusal, he may be committed for trial.

Appellant's missing motion originally came on for hearing on April 20, 1979. Appellee Arthur Edward Lee produced a financial statement at that hearing. He testified and was cross-examined at great length with respect thereto. By the close of the hearing, the court was not satisfied that he had shown sufficient unencumbered assets.

The hearing was continued to give him an opportunity to do so. On April 26th, the hearing resumed. By that point, he had received from Helga Louise Dalgamouni, a deed to certain property in Manoa dated April 25, 1979 which it was contended was sufficient to provide compliance by him as a surety with the statutes quoted. That deed was made out to Arthur Edgar Lee, not Arthur Edward Lee, as grantee. This discrepancy was pointed out in the course of cross-examination of Appellee Stanley Tobias. During the cross-examination of Tobias, the following occurred:

Q. That's all that was paid. Was there a deed taken back at the same time that this was executed?

A. No.

Q. When you say, no, does that mean you don't know or just no?

A. No.

Q. No deed back?

A. No.

April 26, 1979 Tr. at 45, lines 6-13. When the Grand Jury convened sometime later, Helga Louise Dalgamouni testified to the effect that there was a deed back and that deed was produced and marked as an exhibit in the Grand Jury proceedings. It was dated April 25, 1979 and was from Arthur Edgar Lee to Helga Louise Dalgamouni of the same property deeded by her to Arthur Edgar Lee. Thus, the Grand Jury could have entertained a strong suspicion that the testimony quoted was untrue.

The Manoa property in question was Land Court property and in the course of the April 26th hearing, it was shown that the deed from Helga Louise Dalgamouni to Arthur Edgar Lee had not been filed with the Land Court. The court, therefore, refused to accept the deed as a justification for the surety. A continuance was granted to the next day to allow the recording. However, when the testimony resumed on April 27, 1979, it developed that the April 25th deed had not been recorded and, instead, a second deed from Helga Louise Dalgamouni, this time to Arthur Edward Lee had been executed on April 26, 1979 and this deed had been duly recorded.

In the course of the hearing on that day, Appellee Arthur Edward Lee testified that he had known Helga Louise Dalgamouni for a month or more prior to April 26, 1979. Her later testimony before the Grand Jury contradicted that statement so that again, there was testimony before the Grand Jury from which it could have strongly suspected that an untruth had been told.

However, the status of the record at the close of the April 27, 1979 hearing, was that there was a duly recorded deed to Arthur Edward Lee of the Manoa property dated the day before, that there were no encumbrances noted on the Land Court Certificate of Title with respect to that property and that the fair market value of the property was between $335,000 and $350,000. If the missing bond was, in fact, in the amount of $150,000, then the value of the property justified the surety under the statutes quoted. Accordingly, the judge denied the missing motion.

Thereafter, the matter was brought by the appellant before the Grand Jury. The indictment was returned. The appellees moved to dismiss on numerous grounds including a contention that the indictment should be dismissed with prejudice because the alleged false testimony, whatever it was, was not material to the issue before the court on the missing motion for justification. The judge dismissed the indictment on that ground with prejudice.

Section 710-1060 requires that there be a materially false statement and § 710-1000(9) makes materiality an issue of law.

As we have earlier pointed out, the property in question was Land Court property. Under the provision of *HRS* §§ 501-82 and 501-101, an encumbrance must be filed with the Land Court and noted on the Certificate of Title in order to have legal effect except as between the parties thereto. The alleged deed back of April 25th predated the deed of April 26th, was not recorded and, indeed, was unrecordable. Therefore, insofar as the interests of the State went with respect to reaching the property in question in the event of a forfeiture of the bond, the deed back was a nullity. At the close of the hearing on April 27th, the court expressly ordered the bondsman *not* to deed the property in question away except with the permission of the court after replacing it with sufficient other property.

As the Supreme Court stated in *Au-Hoy v. Au-Hoy*, 60 Haw. 354, 358, 590 P.2d 80 (1979):

> We necessarily approach a case with the assumption that no error has been committed upon the trial and until this assumption has been overcome by a positive showing the prevailing party is entitled to an affirmance. *Ala Moana Boat Owners v. State*, 50 Haw. 156 at 158, 434 P.2d 516 at 518 (1967).

Without the bond and the motion before us, we cannot know the issue before the court where the alleged perjured testimony was given. The appellant has, therefore, failed to show error.

If, as the court below apparently believed, the only issue in the justification proceedings was the existence of sufficient

unencumbered real property in the name of the surety bondsman to equal in value double the amount of the missing bond and if that bond was for $150,000 then none of the testimony with respect to the relationship of the bondsman to Mrs. Dalgamouni or with respect to the alleged deed back of April 25, 1979 was material at least after introduction of the April 26th deed. The April 26, 1979 deed and the Transfer Certificate of Title which were in evidence provided a complete justification to the surety regardless of his understandings with or acquaintanceship to Mrs. Dalgamouni. Materiality, by the statute, was an issue expressly entrusted, as a matter of law, to the judge below. Consequently, if we make the assumptions that the issue was as the court below perceived it, we would find no error.

Although appellant in its questions and points did not raise the issue, in its reply brief it complains of the phrase "with prejudice" in the order appealed from. Whether the order below is or is not *res judicata* is a question which will arise only if the matter is raised after a reindictment and is not before us now. The words "with prejudice" we regard as surplusage without legal effect.

Accordingly, the order below is affirmed.

*Peter B. Carlisle*, Deputy Prosecuting Attorney, for appellant.

*Evan R. Shirley (Wesley H. Ikeda* on the brief, *Shirley & Jordan* of counsel) for appellee Tobias.

*Winston Mirikitani (Mirikitani* and *Tongg* of counsel) for appellee Lee.