LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30074

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DAVID JOHN PASCUA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-09-002347)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard, J.,
with Ginoza, J., concurring separately)

Defendant-Appellant David John Pascua (Pascua) appeals from a judgment of conviction on one count of No Motor Vehicle Insurance Policy, in violation of Hawaii Revised Statutes (HRS) § 431:10C-104 (2005), entered on August 19, 2009, in the District Court of the Second Circuit, Wailuku Division (district court).[1/]

On appeal, Pascua argues that the district court erred in finding him guilty of driving without no-fault insurance because there was insufficient evidence (1) to negate Pascua's good faith defense of lack of knowledge of no insurance under HRS § 431:10C-117(a)(4) (2005 & Supp. 2009); and (2) to support the finding that Pascua acted with a reckless state of mind. Based upon our careful review of the record and consideration of the arguments of the parties, we disagree.

I. BACKGROUND

At trial, Officer Joy Medeiros (Officer Medeiros) testified that on March 21, 2009, she cited Pascua for, among

---

[1/] The Honorable Kelsey Kawano presided.

other things, driving a motor vehicle without a valid driver's license and without insurance. Officer Medeiros was behind the vehicle being driven by Pascua on Makawao Avenue, and she saw that the vehicle had an expired tax sticker and an expired safety sticker. After stopping the vehicle, Officer Medeiros asked Pascua for "his license, registration, and insurance." Pascua was unable to produce any of the requested documents.

Zachary Pascua (Zachary) testified that he is Pascua's son and was the owner of the vehicle that was driven by Pascua. The vehicle was over twenty years old, it was not working and needed to be repaired, and Zachary had asked Pascua to try to fix it. Zachary stated that he asks his father to do side jobs and sometimes pays him. The vehicle was parked on Zachary's ranch and Pascua was to work on the vehicle where it was parked. According to Zachary, Pascua had not driven the vehicle before the day he was cited because the vehicle had not previously been running. The vehicle was not insured because Zachary did not want to get it insured unless it was fixed. Zachary indicated that he did not tell Pascua that the vehicle was uninsured.

Pascua testified that on the day of the citation, he had just repaired the vehicle, was taking it on a test run, and was driving the vehicle to his son's house to drop it off. Pascua testified he was taking the vehicle to his son's house because someone wanted to buy it for parts. According to Pascua, the vehicle had license plates, but he did not look to see if it had a safety sticker or a tax sticker. Pascua never asked his son Zachary if the vehicle was insured, and Pascua stated he had no reason to suspect that it was not insured. However, because the vehicle was getting old and because "[t]he body was getting rotten[,]" Pascua testified "[i]t was something that you would like to use around the ranch" and he did not think it was good to be putting it on the roadway.

2

In closing argument, Pascua asserted a good faith defense that he did not know the vehicle was uninsured. The district court found that the good faith defense did not apply.

> The question litigated in this case was pursuant to Count II, no motor vehicle insurance. Defendant's assertion of his good faith defense, the Court is finding that the good faith defense does not apply in this case. Defendant was driving a vehicle. There was no registration or insurance. They [sic] were expired tags and safety. This defendant had come into possession of this vehicle by way of being asked to work on the vehicle, which was not running. It was actually on the Defendant's son's ranch property.
>
> By Defendant's own testimony, it was in bad shape, really wasn't fit to be operated as a motor vehicle, and it was probably adequate to be operated as a farm vehicle rather than a motor vehicle on the highway.
>
> And in fact, at the time that defendant went up, he testified that his intention was to return it to his son's place where his understanding was that it was going to be sold for parts. And based upon the totality of the circumstances, and the facts of this case, the Court does find that the evidence does support that the defendant recklessly drove his vehicle in violation of HRS 1031-10(c)(104) [sic], that vehicle being -- an uninsured vehicle.

Pascua timely appealed.

## II. DISCUSSION

### A. Good Faith Defense

On appeal, Pascua contends that "[t]he trial court erred when it rejected Mr. Pascua's good faith defense and convicted Mr. Pascua of driving without no-fault insurance because there was insufficient evidence presented [at trial] to negate the defense." We disagree.

We will not set aside a verdict where there is substantial evidence to support it. Substantial evidence is defined as "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." State v. Lee, 90 Hawai'i 130, 134, 976 P.2d 444, 448 (1999) (internal quotation marks, brackets, and citations omitted).

3

Pascua argues that the prosecution failed to negate the good faith defense set forth in HRS § 431:10C-117(a)(4)(C), which provides:

> (4)  Any person cited under this section shall have an opportunity to present a good faith defense, including but not limited to lack of knowledge or proof of insurance. The general penalty provision of this section shall not apply to:
>
> . . .
>
> (C)  Any operator of a borrowed motor vehicle if the operator holds a reasonable belief that the subject vehicle is insured[.]

(Emphasis added.)

In State v. Kahaunaele, 10 Haw. App. 519, 531, 879 P.2d 566, 571 (1994), this court interpreted the above-emphasized language set forth in HRS § 431:10C-117(a)(4)(C).[2] In State v. Bolosan, 78 Hawai'i 86, 890 P.2d 673 (1995), the Hawai'i Supreme Court cited with approval this court's interpretation of that language in Kahaunaele:

> [W]e believe that the following analysis from the Kahaunaele opinion accurately characterizes the lack of knowledge defense subsequent to the 1990 amendment:
>
> > The borrower of a motor vehicle has a statutory right to reasonably believe that the borrowed motor vehicle is insured. Evidence that the defendant borrowed and operated upon a public street a motor vehicle that was not insured under a no-fault policy is sufficient evidence to sustain the lack of knowledge defense. The fact that the borrower did not consider whether or not the borrowed motor vehicle was insured does not negative the defense. However, if one or more relevant facts reasonably required the borrower to inquire, he or she then had a duty to inquire until he or she reasonably believed that the motor vehicle was insured. The borrower's failure to satisfy that duty to inquire negatives the defense.
>
> [Kahaunaele,] 10 Haw. App. at 531, 879 P.2d at 571.

---

[2] The provision construed in Kahaunaele was previously codified as HRS § 431:10C-117(a)(2)(C) (Supp. 1992) and was the result of a 1990 amendment to HRS § 431:10C-117. See 1990 Haw. Sess. Laws Act 167, § 1 at 329.

4

Bolosan, 78 Hawaiʻi at 91 n.9, 890 P.2d at 678 n.9 (brackets in original omitted; emphasis added).

Here, the prosecution adduced evidence showing that there were facts that reasonably required Pascua to inquire about the insured status of the vehicle. This included evidence that the vehicle was inoperable, old, and in poor condition when Zachary asked Pascua to repair the vehicle; that Pascua worked on the vehicle where it was parked on Zachary's ranch; that Pascua himself did not think the vehicle was suitable for use on public roadways and understood it was going to be sold for its parts; and that the tax sticker and safety sticker affixed to the vehicle had expired. We conclude that the trial evidence was sufficient to show that Pascua had a duty to inquire about the insured status of the vehicle in order to have a reasonable belief that the vehicle was insured. Pascua admitted that he never asked Zachary whether the vehicle was insured. We conclude that the prosecution presented sufficient evidence to disprove any good faith defense Pascua may have had.

Pascua argues that the district court's statement that "the good faith defense does not apply in this case" indicates that the district court erroneously placed the affirmative burden of proving the good faith defense on Pascua, rather than requiring the prosecution to negate the good faith defense. However, "[t]rial judges are presumed to know the law and to apply it in making their decisions." Walton v. Arizona, 497 U.S. 639, 653 (1990), overruled on other grounds by Ring v. Arizona, 536 U.S. 584 (2002); see Au-Hoy v. Au-Hoy, 60 Haw. 354, 358, 590 P.2d 80, 83 (1979) (stating that appellate courts "necessarily approach a case with the assumption that no error has been committed upon the trial . . . until this assumption has been overcome by a positive showing" (internal quotation marks and citation omitted)). We cannot read the district court's comments

5

as demonstrating that it misunderstood or misapplied the law regarding the good faith defense.

B.   Sufficiency of the Evidence Regarding
Reckless State of Mind

We reject Pascua's claim that there was insufficient evidence to support the district court's finding that Pascua acted recklessly.  The record here contains substantial evidence that Pascua acted recklessly with respect to whether the vehicle was insured, including that: (1) the vehicle was inoperable at the time Pascua was asked to try to repair it; (2) Pascua was to repair the vehicle at Zachary's ranch where it was parked; (3) given the poor condition of the vehicle, Pascua believed it was suited for use on the ranch and not on the road; (4) Pascua understood that Zachary was going to sell the vehicle for parts; and (5) the tax and safety stickers on the vehicle had expired.

III.   CONCLUSION

For the foregoing reasons, the August 19, 2009, judgment of the district court is affirmed.

DATED:   Honolulu, Hawai'i, September 23, 2010.

On the briefs:

Jennifer D.K. Ng
Deputy Public Defender
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge